UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

CARLOS FERNANDEZ,

    Plaintiff,

v.

CHECKALT ERAS, INC. and
SHAI STERN,

    Defendants.
_____/

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendants CheckAlt ERAS, Inc. ("CheckAlt") and Shai Stern ("Stern") (collectively, "Defendants"), by and through their counsel, hereby give notice of the removal of this action to the U.S. District Court for the Southern District of Florida, Miami Division. In support of this Notice of Removal, Defendants state as follows:

1. On or about June 2, 2020, Plaintiff Carlos Fernandez ("Plaintiff") filed a civil action against Defendants in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case No. 2020-11724-CA-01, captioned *Carlos Fernandez v. Check Alt Eras Inc. and Shai Stern* (the "State Court Action"). A true and correct copy of Plaintiff's Complaint, along with the rest of the State Court Action file, is attached hereto as **Exhibit 1**.

2. On June 15, 2020, Defendant CheckAlt's registered agent accepted service of Plaintiff's Summons and Complaint on its behalf. No other process, pleading, or order has been served on Defendants in this action.

3. Defendants have not yet appeared, responded, or otherwise answered Plaintiff's Complaint in the State Court Action. The time for answering the Complaint or otherwise pleading in

the State Court Action has not yet expired.

4. The United States District Court for the Southern District of Florida, Miami Division, is the district court of the United States for the district and division embracing the place where the State Court Action is pending (Miami-Dade County, Florida). *See* 28 U.S.C. § 1441(a).

5. In the Complaint, Plaintiff alleges that Defendants failed to pay overtime and/or regular compensation owed to Plaintiff in violation of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. Section 201, *et seq*. In connection with the same, Plaintiff alleges that Defendants unlawfully misclassified Plaintiff in violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), § 501.211 *et seq*., and willfully filed fraudulent information in violation of 26 U.S.C. Section 7434 of the Internal Revenue Code ("IRC"). Specifically, Plaintiff's Complaint filed in the State Court Action contains the following counts:

   a. Count I – FLSA Violation (Overtime and/or Regular Time Compensation)
   b. Count II – FDUTPA Violation (Misclassifying Plaintiff)
   c. Count III – Declaratory Relief (Misclassifying Plaintiff)
   d. Count IV – IRC Section 7434 Violation (Fraudulent Information Returns)
   e. Count V – Breach of Oral Contract (Overtime and/or Regular Time Compensation)

*See* Exhibit 1. Defendants deny all of Plaintiff's allegations.

6. This Court has original jurisdiction over Plaintiff's FLSA claim as it arises under federal law. *See* 29 U.S.C. § 216(b); *see also* 28 U.S.C. §§ 1331 and 1337(a). Section 216(b) of the FLSA provides that "[a]n action to recover the liability prescribed [earlier in the Act] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction." 29 U.S.C. § 216(b).

7. Similarly, Plaintiff's FLSA claim is subject to removal because it arises under federal law. *See* 29 U.S.C. § 216(b); *see also* 28 U.S.C. §§ 1331 and 1337(a). The Supreme Court has held that the concurrent jurisdiction provided by the FLSA does not bar a Florida employer's

decision to remove an action brought under the FLSA to a U.S. District Court. *Breur v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691 (2003); *see also Hodge v. Dolgencorp, Inc.*, No. 2:05-CV-235FTM29DNF, 2005 WL 1668535, at *1 (M.D. Fla. July 13, 2005) (holding that FLSA action filed in state court was properly removed to federal court on federal question basis).

8. This Court also has original jurisdiction over Plaintiff's Section 7434 claim as it arises under the federal tax laws and, as such, is subject to removal. *See* 28 U.S.C. § 1331.

9. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), as these claims arise from the same nucleus of operative facts as Plaintiff's FLSA and Section 7434 claims such that they form part of the same case or controversy under Article III of the United States Constitution. For example, Plaintiff's FDUTPA claim alleging his misclassification as an independent contractor arises from the same facts and would involve the same witnesses and/or evidence as his FLSA claim seeking overtime wages and Section 7434 claim. *See, e.g., Hudson v. Delta Air Lines, Inc.*, 90 F.3d 451, 455 (11th Cir. 1996) (A state claim forms part of the same case or controversy if it "arise[s] from the same facts, or involve[s] similar occurrences, witnesses or evidence" as the federal claim over which the district court has original jurisdiction).

10. The interests of judicial economy and efficiency will be best served by this Court's exercise of supplemental jurisdiction over Plaintiff's state law claims.

11. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), having been filed within thirty (30) days of the first notice of the Summons and Complaint upon Defendants.

12. Pursuant to 28 U.S.C. § 1446(d), Defendants shall promptly serve written notice of filing of this Notice of Removal on Plaintiff and shall file a copy of the same with the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

13. If any question arises to the propriety of the removal of this action, Defendants request the opportunity to brief any disputed issues and present oral argument in support of their position that the case is properly removable. Defendants further reserve the right to supplement this Notice of Removal and present additional arguments in support of their right to Removal.

14. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendants' right to assert any defense, counterclaims, motions, or other matter, including without limitation, the defenses of (1) lack of jurisdiction; (2) insufficiency of process; (3) insufficiency of service of process; (4) failure to state a claim; or (5) any other procedural or substantive defense available under state or federal law. Further, no admission of fact, law, or liability is intended by this Notice of Removal.

WHEREFORE, Defendants CheckAlt ERAS, Inc. and Shai Stern hereby request that this case be removed to this Court pursuant to the laws of the United States.

Dated: July 2, 2020                                Respectfully Submitted,

By: _/s/ Laurie A. Perez_____

Laurie A. Perez
Florida Bar No. 1009138
lperez@howardandhoward.com
Howard & Howard Attorneys PLLC
200 S. Michigan Avenue, Suite 1100
Chicago, Illinois 60604
Tel:   (312) 372-4000
Fax:   (312) 939-5617

***Attorneys for Defendants***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 2, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the below Service List, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Filing electronically.

By: */s/ Laurie A. Perez*
Laurie A. Perez

## **SERVICE LIST**

Scott M. Behren
Florida Bar No. 9877986
scott@behrenlaw.com
Behren Law Firm
1930 N. Commerce Parkway – Suite 4
Weston, FL 33326
Tel:   (954) 636-3802
Fax:   (772) 252-3365

***Attorney for Plaintiff***

# EXHIBIT 1

Filing # 108386564 E-Filed 06/04/2020 12:34:38 PM

IN THE COUNTY COURT OF THE 11th
JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

CASE NO. 2020-11724-CA-01

CARLOS FERNANDEZ

    Plaintiff,

vs.

CHECK ALT ERAS INC.
and SHAI STERN
    Defendants

_____/

## CIVIL ACTION SUMMONS
(En Espanol) (Francais)

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this Summons and a copy of the Complaint of this lawsuit on Defendant:

**CHECK ALT ERAS INC.
c/o of its Registered Agent eResident Agent, Inc.
Vcorp Services, LLC
5011 South State Road 7
Suite 106
Davie, FL 33314**

    A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint with the clerk of this court. A phone call will not protect you; your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

    If you chose to file a written response yourself, at the same time you file your written response to the Court, located at:

Miami-Dade County Courthouse
Clerk of the Court
73 West Flagler Street
Miami, FL 33130

you must also mail or take a copy of your written responses to the "Plaintiff/Plaintiff's Attorney" named below.

6/4/2020

WITNESS my hand and the seal of this Court on this ___ day of _____ 2020.

HARVEY RUVIN
As Clerk of the Court

By: _____
As Deputy Clerk

Plaintiffs' Attorney:
Scott M. Behren, Esq.
Behren Law Firm
1930 N. Commerce Parkway
Suite 4
Weston, Florida 33326
Telephone: (954) 636-3802
scott@behrenlaw.com
www.behrenlaw.com

2

Usted ha sido demandado legalmente. Tiene viente (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Attorney's for Plaintiff." (Demandante o Abogado de Demandante).

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger; vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des partis nommes ici, si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le delai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, san aucun preavis ulterieur du Tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assitance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou experdier une copie au carbone ou une photocopie de votre response ecrite a "Attorneys for Plaintiff" (Plaignant ou a son avocat nomme ci-dessous.)

IN THE CIRCUIT COURT OF THE 11th
JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

CASE NO.

CARLOS FERNANDEZ

    Plaintiff,
vs.

CHECK ALT ERAS INC.
and SHAI STERN
    Defendants
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, Carlos Fernandez ("Fernandez"), sue Defendants, Check Alt Eras, Inc. ("Check") and Shai Stern ("Stern") and states as follows:

### Jurisdiction

1. This is an action for damages which exceeds $30,000 exclusive of attorneys' fees, interest and costs.

2. This Court has jurisdiction over this matter in that venue is proper in that Defendant operates out of Miami Dade County Florida.

### The Parties/Participants

3. Plaintiff is a residents of , Florida and is *sui juris*. Plaintiffs was at all material times hereto an employee of Defendant Check and Stern was the supervisor of Plaintiffs and had operational control over Check.

### General Allegations

4. This is an action seeking recovery of unpaid overtime and/or regular compensation owed to Plaintiff, pursuant to the Fair Labor Standards Act, 29 U.S.C. Section 201, *et. seq*, as amended.

5. At all times material hereto, Plaintiff was a resident of the State of Florida and was employed by Defendants.

6. At all times material hereto, Defendants were doing business in the State of Florida and were regularly engaged in activities that involved interstate commerce. Moreover, at all times material hereto, each Defendants had annual gross sales or business in an amount not less than $500,000.00. By reason of the foregoing, each Defendant was and is an "employer" within the meaning of Section 3(d) of the FLSA.

7. On many occasions throughout his employment with Defendants, Plaintiff worked in excess of forty hours per week and was not paid overtime and/or was not paid regular time.

8. During his employment Plaintiff was improperly paid as a 1099 employee where, in actuality, he was a W-2 employee based upon the factors set forth by the Internal Revenue Service, the US Department of Labor and by the Economic Realities Test.

9. Plaintiffs have retained the undersigned law firm in this matter and have agreed to pay it a reasonable fee for its services.

### Count I-FLSA
### (Overtime and/or Regular Time Compensation)(as to Both Defendants)

10. Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 9 by reference.

11. In several workweeks during the relevant period, Plaintiff worked, in excess for forty(40) hours per week for Defendants. In these workweeks, Plaintiff was not paid overtime compensation as is required by Section 207 of the FLSA. It is also believed that

2

Plaintiff worked regular time for which he was not paid.

12. As a direct and proximate result of Defendants' failure to pay overtime compensation, Plaintiff has been damaged in the loss of wages and have incurred and are incurring reasonable attorney's fees.

13. Defendants' failure to pay overtime was deliberate, willful and without good faith or any legal justification. Consequently, Plaintiff, is entitled to liquidated damages in an amount equal to the underpayment of overtime compensation, and may seek recovery dating back three (3) years from the filing of this action.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages (unpaid overtime), liquidated damages (double damage) and attorneys' fees and court costs pursuant to the FLSA and for such other and further relief as this Court deems just and proper.

### Count II-Violations of Unfair and Deceptive Trade Practices Act (As to All Defendants)

Plaintiff reavers and realleges paragraphs 1 through 9 as if fully set forth herein and further alleges:

14. The actions of Defendants, misclassifying Plaintiff, is an unfair and deceptive trade practice prohibited by Florida Statutes.

15. As a direct and proximate result of Defendants' unfair and deceptive trade practices, Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands judgment against Defendants for damages, together with interest, costs, attorneys' fees as provided by *Fla. Stat.* §501.211, and for any

and all other relief this Court deems just and proper under the circumstances.

### Count III- Declaratory Relief (As to Check)

Plaintiff reavers and realleges paragraphs 1 through 9 as if fully set forth herein and further alleges:

16. Check contends that Plaintiff was an Independent Contractor.

17. There is a bona fide, actual and present need for declaratory relief between the parties. Plaintiff contends that he has been improperly classified as an independent contractor when in fact he was just an employee.

18. Plaintiffs seeks a declaration concerning a present, ascertained or ascertainable state of facts and in particular a declaration of whether he was an independent contractor.

19. An immunity, power, privilege or right of Plaintiff is dependent upon the facts or the law applicable to the facts.

20. Plaintiff has or are reasonably expected to have, an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law.

21. The antagonistic and/or adverse interests are before this court by proper process.

22. The relief sought is not merely for giving of legal advice.

WHEREFORE, Plaintiff demands declaratory judgment and requests damages, together with interest and court costs, and for any and all other and further relief this Court deems just and proper under the circumstances.

4

### Count IV-Violation of 26 USC Section 7434(as to All Defendants)

Plaintiff reavers and realleges paragraphs 1 through 9 as if fully set forth herein and further alleges:

23. Based upon the foregoing, Defendants have violated 26 U.S.C. Section 7434 by willfully filing of fraudulent information returns.

24. Plaintiff is entitled to damages for violation of this statute by Defendants resulting in harm to him.

WHEREFORE, Plaintiff demands actual damages, together with interest and court costs and attorney's fees and for any and all other and further relief this Court deems just and proper under the circumstances.

### Count V - Breach of Oral Contract (as to Check)

Plaintiffs reavers and realleges paragraphs 1 through 9 as if fully set forth herein and further alleges:

25. Plaintiffs and Defendant entered into an oral agreement for Plaintiff to be paid certain compensation.

26. In consideration of the performance of his services, Check was to pay Plaintiff his compensation.

27. Check breached the agreement with Plaintiff by failing to pay failing to pay agreed upon regular time and overtime.

28. By virtue of Check's breach of the agreement, Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands judgment against Check for, damages together

with interest, court costs, attorneys' fees in accordance with Fla. Stat. § 448.08, and for any and all other and further relief this Court deems just and proper under the circumstances.

### Count VI - Unjust Enrichment (Services Performed)(as to Check)

Plaintiff reavers and realleges paragraphs 1 through 9 as if fully set forth herein and further alleges:

29. Plaintiff has conferred benefits and performed services for Check. Check has knowledge of the benefits and services provided to it.

30. Check voluntarily accepted and retained the benefits conferred upon it by Plaintiff without paying his wages.

31. Check's retention of the benefits and services conferred upon it by Plaintiff would be inequitable unless Check pays to Plaintiff the value of the services conferred upon it.

32. Plaintiff does not otherwise have an adequate remedy at law.

WHEREFORE, Plaintiff demands judgment against Check for damages plus interest, court costs, attorneys' fees in accordance with Fla. Stat § 448.08, and for any and all other and further relief this Court deems just and proper under the circumstances.

## Demand for Jury Trial

Plaintiff demands trial by jury on all issues so triable.

>Behren Law Firm
>1930 N. Commerce Parkway-Suite 4
>Weston, FL 33326
>Phone: (954) 636-3802
>Facsimile: (772) 252-3365
>Scott@behrenlaw.com

>By_/Scott M. Behren/
>   Scott M. Behren
>   Fla. Bar No. 987786

7