## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-22746-CIV-UNGARO

CARLOS FERNANDEZ,

      Plaintiff,

v.

CHECKALT ERAS, INC. and
SHAI STERN,

      Defendants.

_____/

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT
## AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants CheckAlt ERAS, Inc. ("CheckAlt") and Shai Stern ("Stern") (collectively, "Defendants") respectfully move to dismiss Plaintiff Carlos Fernandez's ("Plaintiff") Complaint. In support of their Motion, Defendants submit the following incorporated Memorandum of Law.

## I.    INTRODUCTION.

Plaintiff commenced this action against Defendants in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. Defendants timely removed this case to this Court. [ECF No. 1]. Plaintiff's Complaint asserts claims for: (1) violation of the Fair Labor Standard Act's ("FLSA") overtime and/or regular compensation requirements, against both Defendants; (2) misclassification of Plaintiff in violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), against both Defendants; (3) declaratory relief relating to Plaintiff's classification, against CheckAlt; (4) violation of Section 7434 of the Internal Revenue Code regarding fraudulent information returns, against both Defendants; (5) breach of oral contract, against CheckAlt; and (6)

1

unjust enrichment, against CheckAlt. *See generally* Plaintiff's Complaint ("Compl."). Plaintiff seeks compensatory damages, liquidated damages, declaratory judgment, interest, court costs, and attorneys' fees. *Id*.

Plaintiff's Complaint, however, improperly contains generic, conclusory allegations regarding underpaid overtime wages based on a purported misclassification as an independent contractor and wholly derivative statutory claims.[1] Plaintiff's claims fail as a matter of law because, in contravention of Rules 8 and 9(b), he alleges no facts to support any cognizable legal theory with respect his claims, and/or his claims suffer from irredeemable defects.

Specifically, all of the six counts pled in the Complaint fail to state a valid cause of action showing a right to relief and must therefore be dismissed. First, there are no facts specifically establishing any individual act on the part of Mr. Stern to pierce the corporate veil and establish individual liability against him. Accordingly, he must be dismissed as a party Defendant. Additionally, Plaintiff's Complaint fails to establish standing and a right to relief for Counts I, II, IV, and V. Plaintiff's Counts III and VI similarly fail as they are entirely duplicative of Plaintiff's other claims. Therefore, all claims in Plaintiff's Complaint should be dismissed.

## II.   <u>STANDARD OF REVIEW.</u>

Rule 12(b)(6) authorizes a court to dismiss a plaintiff's complaint where the plaintiff has failed to state a claim upon which relief may be granted. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the

---

[1] Moreover, Plaintiff Carlos Fernandez is not the proper party plaintiff. Instead, Technological Concepts, Inc., a Florida corporation of which Mr. Fernandez was an officer, served as an independent contractor to CheckAlt.

defendant is liable for the misconduct alleged. *Id*.

Under Rule 12(b)(6), plaintiffs are required to identify the grounds for their entitlement to relief with more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to survive dismissal. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (finding that courts "are not bound to accept as true a legal conclusion couched as a factual allegation"); *see also Iqbal*, 556 U.S. at 678 (explaining that Rule 8's pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). When a complaint contains only formulaic recitations and unsupported conclusions, a Court should dismiss the deficient claims for their failure to provide an adequate basis for relief. *See* Fed. R. Civ. P. 12(b)(6).

Where a cause of action sounds in fraud, however, Rule 9(b) must be satisfied in addition to the more relaxed standard of Rule 8. Under Rule 9(b), "a party must state with particularity the circumstances constituting fraud or mistake," although "conditions of a person's mind," such as malice, intent, and knowledge, may be alleged generally. Fed. R. Civ. P. 9(b). "The particularity requirement serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior." *W. Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc.*, 287 Fed. Appx. 81, 86 (11th Cir. 2008) (citations omitted). "Thus, the Rule's particularity requirement is not satisfied by conclusory allegations that certain statements were fraudulent; it requires that a complaint plead facts giving rise to an inference of fraud." *Id*.

Under Rule 9(b), a plaintiff "must allege (1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud." *Brooks v. Blue Cross & Blue Shield of Fla., Inc*., 116 F.3d 1364,

1380-81 (11th Cir. 1997); *see also Mizzaro v. Home Depot, Inc*., 544 F.3d 1230, 1237 (11th Cir. 2008) (explaining that, to comply with Rule 9(b)'s heightened pleading standard, Plaintiff must plead the "who, what, when, where and how" of the alleged fraud); *Porter v. Mainlands Sections 1 & 2 Civic Ass'n, Inc.*, 2015 WL 11198233, at *1 (S.D. Fla. Sept. 29, 2015) (same). "[F]air notice is '[p]erhaps the most basic consideration' underlying Rule 9(b), the plaintiff who pleads fraud must 'reasonably notify the defendants of their purported role in the scheme.'" *Brooks*, 116 F.3d at 1381 (citations omitted); *Lincoln, III v. Wa. Mutual Bank*, 2007 WL 9701069, at *3 (S.D. Fla. Aug. 6, 2007).

### III.   **ARGUMENT.**

#### A.   **Shai Stern Must be Dismissed as a Party Defendant.**

Plaintiff includes Shai Stern as a named party defendant despite making no allegation of fact at all concerning Mr. Stern. Even taking Plaintiff's allegations as true, Mr. Stern clearly only acted relative to Plaintiff in Mr. Stern's official corporate capacity. Mr. Stern is shielded by the corporation and should be dismissed with prejudice now.

The corporate shield doctrine prohibits jurisdiction over an individual if the individual's only relevant contacts with the forum are acts performed for the benefit of the individual's employer. *Elandia Int'l v. Ah Koy*, 690 F. Supp. 2d 1317, 1332 (S.D. Fla. 2010). A corporate officer is only subject to jurisdiction in the forum if the corporate officer commits intentional torts. *Id*. In the absence of some "personal participation," a tort action against a corporate officer is not supported. *Kimmons v. IMC Fertilizer, Inc.,* 844 F. Supp. 738, 739 (M.D. Fla. 1994) (citing *Orlovsky v. Solid Surf, Inc.,* 405 So. 2d 1363, 1364 (Fla. 4th DCA 1981) (A corporate officer "does not incur personal liability for his torts merely by reason of his official character; he is not liable for torts by and for the corporation unless he has participated in the wrong.")).

4

Here, aside from the allegation that Mr. Stern "was the supervisor of Plaintiffs [sic] and had operational control" over CheckAlt (Compl. ¶ 3), no further facts are asserted to establish what involvement, if any, Mr. Stern allegedly had in the alleged harm to Plaintiff. Moreover, Plaintiff fails to specifically allege which actions Mr. Stern took as opposed to the entity, CheckAlt. Without any specific allegations of wrongdoing directed to Mr. Stern, the corporate shield doctrine and the corporate structure of CheckAlt serves to protect Mr. Stern from individual liability. Therefore, this Court should dismiss Mr. Stern with prejudice now.

**B.** **Plaintiff Fails to State a Claim that Defendants Violated the FLSA (Count I).**

    **i.** **Plaintiff's Complaint Does Not Establish Coverage Under the FLSA.**

The FLSA "requires employers who meet its preconditions to pay workers a minimum wage and to provide overtime pay where workers exceed forty hours per week." *Polycarpe v. E&S Landscaping Serv., Inc.*, 616 F.3d 1217, 1220 (11th Cir. 2010); *see also* 29 U.S.C. § 207(a)(1). The FLSA is triggered when either the employer falls under the FLSA's enterprise coverage provision or a particular employee falls under the FLSA's individual coverage provision. *Id.* Specifically, in order to establish a claim under the FLSA, "a plaintiff employee must prove one of two types of coverage, either: (1) 'individual coverage' in which the employee was 'engaged in commerce or in the production of goods for commerce', or (2) 'enterprise coverage' in which the employee was 'employed in an enterprise engaged in commerce or in the production of goods for commerce.'" *Martinez v. Jade Palace*, 414 Fed. Appx. 243, 244-45 (11th Cir. 2011) (*citing* 29 U.S.C. §§ 206(a), 207(a)(1)). In this instance, this Court should dismiss Count I of Plaintiff's Complaint because Plaintiff has not sufficiently pleaded either theory of FLSA coverage.

First, Plaintiff has not stated a claim for individual coverage under the FLSA. To state a claim for individual coverage, an employee must allege he either (1) "worked for an

instrumentality of interstate commerce" or (2) "regularly used the instrumentalities of interstate commerce, whether through interstate communication, travel or other means." *Villafana v. Feeding S. Fla., Inc.*, 2013 WL 2646729, at *2 (S.D. Fla. June 12, 2013). The Complaint must contain factual allegations regarding the nature of Plaintiff's work, including a description of a plaintiff's duties as an employee "beyond the assertion that [employee] 'regularly was engaged in commerce or the production of goods for commerce'" in order to sufficiently establish individual coverage under the FLSA. *Burge v. Kings Realty Grp., LLC,* 2012 WL 4356815, at *2 (M.D. Fla. Sept. 24, 2012); *Ceant v. Aventura Limousine & Transp. Serv., Inc.*, 874 F. Supp. 2d 1373, 1377 (S.D. Fla. 2012) (granting Defendant's motion to dismiss and stating that "[t]he primary problem is that the Complaint provides no factual allegations about the nature of [plaintiff's] work").

Plaintiff's Complaint merely alleges that "Defendants… were regularly engaged in activities that involved interstate commerce." Compl. ¶ 6. Notably, Plaintiff never alleges that he was engaged in interstate commerce, but generally states that Defendants engaged in interstate commerce. *Id*. Furthermore, there are **no** facts alleged regarding the nature of Plaintiff's work duties whatsoever, including any to establish that Plaintiff ever engaged in interstate commerce. Thus, Plaintiff's Complaint fails to properly allege individual coverage under the FLSA.

Similarly, Plaintiff has failed to state a claim for enterprise coverage under the FLSA. Enterprise coverage applies to an employer which: (1) has employees engaged in interstate commerce or the production of goods for interstate commerce, or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce; and (2) has at least $500,000 of annually gross volume of sales or business. *Polycarpe*, 616 F.3d at 1220 (citing 29 U.S.C. § 203(s)(1)(A)). To state a claim for enterprise coverage, a plaintiff must state the nature of the employer's business as it relates to interstate commerce and

include actual facts (and not merely labels or conclusions) plausibly connecting an employer's business to interstate commerce. *See Sobinski v. Learning Connections of Pensacola, LLC*, 2014 WL 5092268, at *2-3 (N.D. Fla. Oct. 9, 2014); *Ceant,* 874 F. Supp. 2d at 1377.

In the Complaint, Plaintiff alleges only that "Defendants were doing business in the State of Florida and were regularly engaged in activities that involved interstate commerce" and "at all times material hereto, each Defendants [*sic*] had annual gross sales or business in an amount not less than $500,000.00." Compl. ¶ 6. The Complaint does not contain any factual allegations on the nature of Defendants' business or how Defendants' business engages in interstate commerce. In fact, nothing in the Complaint details any facts connecting Defendants' business, or its employees, to interstate commerce. As in *Ceant*, the Complaint merely alleges the conclusory statement that Defendants "engaged… in… interstate commerce." 874 F.Supp.2d at 1377. This is nothing more than formulaic recitation of the elements of a claim that the Supreme Court squarely holds "will not do." *Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'") (*quoting Twombly*, 550 U.S. at 557). For these reasons, the allegations in Plaintiff's Complaint concerning enterprise coverage are insufficient. This Court should dismiss Count I of the Complaint with prejudice.

**ii.  Plaintiff's Complaint Fails to Establish that Defendants Violated the FLSA.**

Plaintiff further fails to allege sufficient facts demonstrating that Defendants violated the FLSA. The Supreme Court holds that factual allegations in a plaintiff's complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. As the Eleventh Circuit explained, "[t]he Supreme Court in *Twombly* rejected the notion that a 'wholly conclusory statement of claim [can] survive a motion to dismiss whenever the pleadings le[ave] open the possibility that a plaintiff might later establish some set of [undisclosed] facts to support

recovery.'" *Weissman v. Nat'l Ass'n of Sec. Dealers, Inc.,* 500 F.3d 1293, 1302-03 (11th Cir. 2007) (citations omitted). After *Twombly,* a plaintiff must plead allegations of fact which establish a plausible, not just possible, basis of recovery. *See Twombly,* 550 U.S. at 570.

Despite this requirement, Plaintiff broadly announces that "on many occasions throughout his employment… [he] worked in excess of forty hours per week and was not paid overtime and/or was not paid regular time." Compl. ¶¶ 7 & 11. Plaintiff does not identify the relevant time period for when any of these alleged overtime hours were worked, the number of overtime hours allegedly worked, and/or the amount of money he was paid for the weeks he allegedly worked overtime. Plaintiff then states that he **believes** that he "worked regular time for which he was not paid," but he does not state which Defendant failed to pay his regular wages, how long he was allegedly not paid properly, and how much money he is alleging he allegedly lost as a result. *Id.* at ¶ 11.

"To establish a prima facie case of an FLSA violation, [a plaintiff] must show 'as a matter of just and reasonable inference' the amount and extent of his work in order to demonstrate that he was inadequately compensated under FLSA." *Rance v. Rocksolid Granit USA, Inc.,* 292 Fed. Appx. 1, 2 (11th Cir. 2008). In *Rance,* the Eleventh Circuit affirmed the district court's grant of summary judgment where the plaintiff provided no evidence of the amount and extent of his work. *Id.* Similarly, this Court should dismiss Count I of this Complaint, where Plaintiff has failed to allege specific facts concerning the amount and extent of his work or any compensation to which he his allegedly entitled. *See also Morrison v. Morgan Stanley Props.,* No. 06-80751-CIV, 2008 WL 1771871, at * 6 (S.D. Fla. Apr. 15, 2008). Because Plaintiff did not sufficiently plead facts that the Defendants failed to pay Plaintiff regular or overtime wages, the Court should dismiss Count I of Plaintiff's Complaint with prejudice.

C. **Plaintiff's Complaint Fails to State a Claim that Defendants Violated Florida's Deceptive and Unfair Trade Practices Act (FDUTPA) (Count II).**

Florida's Deceptive and Unfair Trade Practices Act is intended to protect consumers against "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive trade or commerce." *Fla. Stat.* § 501.204(1). For his FDUTPA claim, Plaintiff alleges Defendants misclassified him as an independent contractor. Compl. ¶ 14. Plaintiff's claim fails for two reasons. First, Plaintiff lacks standing because he is not a "consumer." Second, Plaintiff fails to sufficiently allege the element of causation or that he sustained actual damages. Consequently, Plaintiff's FDUTPA claim fails as a matter of law and must be dismissed.

### i.   Plaintiff Does Not Have Standing to Assert a Claim Under FDUTPA.

The FDUTPA is a consumer protection statute designed to protect individuals and legitimate businesses from deceptive or unfair practices in trade or commerce. *Fla. Stat.* § 501.202; *see also* § 501.202(3). As a consumer protection statute, only consumers have standing to sue under the Act. *N.G.L. Travel Associates v. Celebrity Cruises, Inc.*, 764 So. 2d 672, 674 (Fla. 3d DCA 2000). "A 'consumer' is one who has engaged in the purchase of goods or services." *Leon v. Tapas & Tintos, Inc.*, 51 F. Supp. 3d 1290, 1297 (S.D. Fla. 2014).[2]

Here, Plaintiff lacks standing because he failed to plead any facts suggesting that he was a consumer. As the court held in *Leon*, a plaintiff who alleges misclassification, without alleging he is a consumer or has engaged in any consumer transaction, "does not have standing to bring a claim against [d]efendants for violation of the [FDUTPA]." *Id.* The Complaint is devoid of any allegation that Plaintiff purchased anything from Defendants. Nor does the Complaint contain any

---

[2] In 2001, the Florida Legislature amended FDUTPA's standing provision by replacing the word "consumer" with the word "person." *Leon*, 51 F. Supp. 3d at 1296. District courts in this Circuit are divided over whether the 2001 amendment extended FDUTPA to non-consumers, and the Eleventh Circuit has yet to resolve this split. *See Democratic Republic of the Congo v. Air Capital Grp., LLC*, 614 Fed. Appx. 460, 468-69 (11th Cir. 2015).

suggestion that Plaintiff ever engaged in any consumer transaction with Defendants. As such, Plaintiff has failed to plead sufficient facts to have standing under the FDUTPA.

This Court and others have dismissed similar claims. In *Carroll v. Lowes Home Centers, Inc.*, 2014 WL 1928669, at *1 (S.D. Fla. May 6, 2014), the court dismissed the plaintiff's claims for lack of standing because the plaintiff never alleged he was consumer. *Id.* at *4. Likewise, in *Dobbins v. Scriptfleet, Inc.*, 2012 WL 601145, at *4 (M.D. Fla. Feb. 23, 2012), the court held the plaintiff lacked standing under the FDUTPA because the plaintiff alleged she was an employee of the defendant, rather than a consumer. As the *Dobbins* court stated, "the Court is not convinced that . . . [the] Act creates a cause of action for an individual employee against his or her purported employer, when there is no consumer relationship between them." *Id*. Plaintiff attempts to do exactly this—he seeks to impose liability under the FDUTPA against a purported employer when there is no consumer relationship between the parties. Therefore, his claim fails as a matter of law.

### ii.  Plaintiff's FDUTPA Claim Fails and Should be Dismissed.

A claim for damages under the FDUTPA has three elements: (1) a deceptive act or unfair practice in the course of trade or commerce; (2) causation; and (3) actual damages. *BPI Sports, LLC v. Labdoor, Inc.,* 2016 WL 739652, at *4 (S.D. Fla. Feb. 25, 2016); *Vazquez v. Joseph Cory Holdings, LLC*, 2016 WL 11221088, at *2 (M.D. Fla. Nov. 10, 2016), *report and recommendation adopted in part*, 2017 WL 819919 (M.D. Fla. Mar. 2, 2017). Plaintiff's FDUPTA claim (Count II) fails to allege with sufficient specificity the elements of a FDUTPA claim.

First, Plaintiff contends that the misclassification of him as an independent contractor is an unfair and deceptive practice. Compl. ¶ 14. Beyond this conclusory statement, Plaintiff does not allege how the purported misclassification constitutes "a deceptive act or unfair practice in the course of trade or commerce" in violation of the FDUTPA. *See id*. The purpose of FDUTPA is to

10

prevent an unfair practice "that offends established public policy and one that is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers," while a deceptive act "occurs if there is a representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment." *Sandshaker Lounge & Package Store LLC. v. RKR Beverage Inc.*, 2018 WL 7351689, at *6 (N.D. Fla. Sept. 27, 2018). Without any cogent allegations in his Complaint to establish an unfair and deceptive practice, Plaintiff fails to satisfy the requirements of the FDUTPA.

In particular, Plaintiff's claim fails because the relationship between Plaintiff and Defendants never involved "the conduct of any trade or commerce." *See Fla. Stat.* § 501.202. Courts have routinely dismissed FDUTPA claims when the party asserting a claim is actually the provider, rather than the purchaser, of goods or services. *See, i.e., Shibata v. Lim*, 133 F. Supp. 2d 1311, 1320-21 (M.D. Fla. 2000); *N.G.L. Travel Assoc. v. Celebrity Cruises, Inc.*, 764 So. 2d 672 (Fla. 3d DCA 2000); *Warren Tech., Inc., v. Hines Interests Ltd. P'ship*, 733 So. 2d 1146 (Fla. 3d DCA 1999); *Packaging Corp. Int'l v. Travenol Laboratories, Inc.*, 566 F. Supp. 1480 (S.D. Fla. 1983)). Here, only Plaintiff's entity was an independent contractor "provider" of services to CheckAlt. *See N.G.L.*, 764 So. 2d at 675. Plaintiff does not have standing for FDUTPA.

Secondly, with respect to causation, Plaintiff has only alleged in a conclusory manner that Defendants' alleged conduct proximately caused any damage to him. *See* Compl. ¶ 15. This is insufficient to satisfy the second element as required by Florida Statute § 501.211. *See, e.g., BPI Sports,* 2016 WL 739652, at *4; *Vazquez,* 2016 WL 11221088, at *2; *Five for Ent.t S.A. v. Rodriguez*, 877 F. Supp. 2d 1321 (S.D. Fla. 2012).

Lastly, even if Plaintiff could assert a claim under the FDUPTA, the damages he seeks are not recoverable. The FDUPTA authorizes a person who has "suffered a loss" as a consequence of

a violation of the statute to recover "actual damages." *Fla. Stat.* § 501.211(2). In this context, "actual damages" are "the difference in the market value of the product or service in the condition in which it was delivered and its market value in the condition in which it should have been delivered according to the contract of the parties." *Smith v. 2001 South Dixie Highway, Inc.,* 872 So.2d 992, 994 (Fla. 4th DCA 2004); *Baptist Hosp., Inc. v. Baker,* 84 So. 3d 1200, 1204 (Fla. 1st DCA 2012). "Actual damages" pursuant to Florida Statute § 501.211 does not allow the recovery of other damages, such as consequential damages, nominal damages, speculative losses, or compensation for subjective feelings of disappointment. *Bishop v. VIP Transp. Grp., LLC*, 2016 WL 4435700, at *4-5 (M.D. Fla. Aug. 2, 2016), *report and recommendation adopted*, 2016 WL 4382694 (M.D. Fla. Aug. 17, 2016).

Plaintiff has only alleged broadly that he "suffered damages" as "a direct and proximate result of Defendants' unfair and deceptive trade practices." Compl. ¶ 15. This is nothing more than an attempt to disguise a suit for restitution of wages as a claim under the FDUTPA. The FDUTPA was not intended to provide recovery for monetary damages related to employment or the loss of employment. *Bishop,* 2016 WL 4435700, at *5. Plaintiff does not seek "actual damages" under and his claim under the FDUTPA should therefore be dismissed.

**D.  Count III for Declaratory Relief Must Be Dismissed.**

In Count III of the Complaint, Plaintiff seeks a "declaration of whether he was an independent contractor." Compl. ¶ 18. As this cause of action is nothing more than a mash-up of other counts in the Complaint and redundant where all issues are adequately addressed by those other counts, Plaintiff's claim for declaratory relief must be dismissed with prejudice now.

Parties do not have a right to a declaratory judgment and district courts have the discretion to abstain from exercising jurisdiction over such a claim. *Ameritas Variable Life Ins. Co. v. Roach*,

411 F.3d 1328, 1330 (11th Cir. 2005) ("The Declaratory Judgment Act is 'an enabling Act, which confers a discretion on courts rather than an absolute right upon the litigant.' It only gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so." (*quoting Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995))). Federal courts have no jurisdiction over a case that does not involve an Article III case or controversy therefore a prayer for declaratory relief is insufficient to save a failed case. *Flanigan's Enter., Inc. of Ga. v. City of Sandy Springs*, *Ga.*, 868 F.3d 1248, 1268 (11th Cir. 2017). Since Plaintiff's request for declaratory relief is nothing more than a "mash up" of his other failed claims, Plaintiff's Count III must be dismissed with prejudice now.

### E. Count IV Should be Dismissed for Failure to State a Claim.

Plaintiff also asserts a claim for violation of 26 U.S.C. § 7434, alleging that Defendants filed fraudulent information returns. Compl. ¶¶ 23-24. Section 7434 provides that:

> If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.

26 U.S.C. § 7434. In order to state a claim under Section 7434, Plaintiff must allege: (1) Defendants filed an information return; (2) the information return was fraudulent; and (3) Defendants *willfully* filed the fraudulent information return. *Leon,* 51 F. Supp. 3d at 1297; *Katzman v. Essex Waterfront Owners LLC*, 660 F.3d 565, 568 (2d Cir. 2011). Bare assertions that a defendant filed fraudulent information, "without specific facts as to the who, what, when, why or how surrounding the actual filing of returns—does not meet the standard for pleading tax fraud." *Leon*, 51 F. Supp. 3d at 1298. Plaintiff's Section 7434 claim should be dismissed because it does not satisfy the pleading requirements of Rule 8.

**i.   Plaintiff Failed to Establish Defendants Filed an Information Return.**

As a preliminary matter, Plaintiff fails to sufficiently allege that Defendants filed an information return to satisfy the first required element to state a claim under 26 U.S.C. § 7434. Specifically, the Complaint contains no details as to (i) whether information returns were filed on his behalf, (ii) whether Defendant CheckAlt and/or Defendant Stern was the "filer" of the information returns, and (iii) what type(s) of information returns were allegedly filed by Defendants. While Plaintiff alleges that Defendants "improperly paid [him] as a 1099 employee" (Compl. ¶ 8), he fails to allege whether Defendants filed a Form 1099 with the IRS on his behalf and/or issued another information return relating to payments for services.

In cases involving allegations of misclassification of employees, payments are, at times, made to an LLC or other entity, and not directly to the individual. For instance, in *Vazquez v. Joseph Cory Holdings, LLC*, the defendant filed tax returns purportedly misclassifying the plaintiff as an independent contractor; however, those returns were filed by the defendant not using the plaintiff's name, but instead using the name of the limited liability company plaintiff set up through which the defendant paid the plaintiff. 2017 WL 819919 at *1. As observed by the Magistrate Judge, and emphasized by the court, "the cause of action... belongs to the aggrieved subject of the allegedly false information return." *Id.* at *4. Because a LLC, and not the plaintiff, was the subject of the information returns the defendant filed with the IRS, plaintiff did not have standing and the court dismissed plaintiff's Section 7434 claim. *Id.*

Here, Plaintiff alleges that "Defendants have violated 26 U.S.C. Section 7434 by willfully filing of [sic] fraudulent information returns." Compl. ¶ 23. However, Plaintiff fails to allege whether those returns were filed using his name, another name, or the name of an entity. Importantly, because Plaintiff failed to establish (i) whether CheckAlt and/or Mr. Stern filed information returns on his

behalf or (ii) that he is the "such other person" within the language of provision, he has failed to establish that he has standing to pursue any claim for violation of Section 7434.

### ii. Plaintiff Does Not Sufficiently Allege the Elements of Fraud or Willfulness.

In the Complaint, Plaintiff further fails to sufficiently allege the second and third elements necessary to state a claim under 26 U.S.C. § 7434, namely that the information return was fraudulent and Defendants willfully filed the fraudulent return.

Plaintiff fails to allege details regarding how the purported information returns are false or fraudulent. Instead, Plaintiff alleges that Defendants "willfully fil[ed] [] fraudulent information returns" (Compl. ¶ 23) and "Plaintiff was improperly paid as a 1099 employee where, in actuality, he was a W-2 employee" (Compl. ¶ 8). Importantly, the Complaint contains no specific facts as to how or why the returns are fraudulent and therefore fails to satisfy the standard for pleading tax fraud. *See* Leon, 51 F. Supp. 3d at 1297-98.

Moreover, Plaintiff has failed to allege sufficient facts to conclude that either Defendant *willfully* or *fraudulently* filed false returns. Courts around the country have found that "willfulness" in the context of the statute "connotes a voluntary, intentional violation of a legal duty," and that tax fraud typically requires "intentional wrongdoing." *Vandenheede v. Vecchio,* 541 Fed. Appx. 577, 580 (6th Cir. 2013) (*citing Maciel v. Comm'r,* 489 F.3d 1018, 1026 (9th Cir. 2007); *Granado v. Comm'r,* 792 F.2d 91, 93 (7th Cir. 1986)). At the motion to dismiss stage, the complaint "must contain specific allegations supporting the plausible inference" that Defendants "willfully filed false information returns." *Vandenheede*, 541 Fed. Appx. at 580; *Republic Bank & Trust Co. v. Bear Stearns & Co.*, 683 F.3d 239, 247 (6th Cir. 2012).

Plaintiff's allegations cannot survive a motion to dismiss under Rule 12(b)(6) and the heightened pleading standards applicable to fraud claims under Rule 9(b). Plaintiff has not alleged

facts tending to show that either of the Defendants willfully violated a "legal duty" by, for example, attempting to mislead the government or harass Plaintiff, the taxpayer. *See, e.g.*, *Katzman*, 660 F.3d at 569. Additionally, under Rule 9(b), where there are multiple defendants, Plaintiff is required to allege with specificity each Defendant's wrongdoing. *Swartz v. KPMG LLP,* 476 F.3d 756, 764-65 (9th Cir. 2007). Plaintiff does not do so, and instead generally pleads "Violation of 26 USC Section 7434" against all Defendants without stating each Defendant's alleged role in the fraudulent scheme. For these reasons, Count IV of Plaintiff's Complaint should be dismissed.

### F. Plaintiff's Claim for Breach of Oral Agreement Must Be Dismissed (Count V).

The Complaint also fails to plead the elements of a claim for breach of an oral contract. Under Florida law, "[t]o prevail on a breach of contract claim, Plaintiff must show the existence of a valid contract, breach of the contract, and damages.... For an oral contract, Plaintiff must also allege facts, that if true, show that the parties mutually reached a clear and definite agreement and left no essential terms open." *Murray v. Playmaker Serv., LLC,* 512 F. Supp. 2d 1273, 1279 (S.D. Fla. 2007) (*citing W.R. Townsend Contracting Co. v. Jensen Civil Constr., Inc.,* 728 So. 2d 297, 300 (Fla. 1st DCA 1999)). Conclusory allegations of "verbal promises," without more, do not state a claim for breach of contract under Florida law. *See Twombly,* 550 U.S. at 560; *Sleit v. Ricoh Corp.,* No. 8:07-cv-724, 2007 WL 2565967, at * 1 (M.D. Fla. Aug. 31, 2007).

Here, the Complaint does not plead that the parties assented to "a certain and definite proposition," and it does not plead the "essential terms" of a contract. Plaintiff merely asserts that he and Defendant CheckAlt "entered into an oral agreement for Plaintiff to be paid certain compensation… [i]n consideration of the performance of his services." Compl. ¶¶ 25-26. Plaintiff then alleges that CheckAlt "breached the agreement with [him] by failing to pay agreed upon regular time and overtime" and, as such, "Plaintiff has suffered damages." *Id*. at ¶¶ 27-28.

Plaintiff's allegations are conclusory. He fails to identify particular terms that created obligations assumed by CheckAlt, when the contract was formed, and/or its duration. "In order to create a contract, it is essential that there exists a reciprocal agreement to certain and definite terms. So long as any essential matters are left open for further consideration, the contract is not complete." *Smith v. Locklear,* 906 So. 2d 1273, 1274 (Fla. 5th DCA 2005); *see also TCC Air Servs., Inc. v. Schlesinger,* 2006 WL 3694639, at *13 (S.D. Fla. Dec. 13, 2006). The allegations of the Complaint, even if taken as true, fail to establish the necessary elements of an enforceable contract. Further, Plaintiff has failed to allege sufficient facts regarding how CheckAlt allegedly breached the terms of the purported agreement.

Lastly, the Statute of Frauds bars Plaintiff's breach of oral contract claim. Under Florida's Statute of Frauds, "any agreement that is not to be performed within the space of one year from its making must be reduced to writing in order to be enforceable." *Butterworth v. Lab. Corp. of Am. Holdings,* 581 Fed. Appx. 813, 819 (11th Cir. 2014) (*quoting Rubenstein v. PrimedicaHealthcare, Inc. Holdings*, 755 So. 2d 746, 748 (Fla. 4th DCA 2000); *Fla Stat.* § 725.01. "The Florida Statute of Frauds bars enforcement of an oral contract that was intended by the parties to last longer than a year, even though the contract could have been terminated for cause within a year." *Butterworth*, 581 Fed. Appx. at 819 (*citing All Brand Imps., Inc. v. Tampa Crown Distribs., Inc.*, 864 F.2d 748, 749 (11th Cir. 1989)). In the Complaint, Plaintiff does not define a specific term for the agreement, but instead alleges that he was to be paid compensation for the performance of his services—an indefinite term. While CheckAlt does not agree that any enforceable oral contract existed, Plaintiff's claim separately fails because—to the extent that Plaintiff is asserting the alleged oral contract of compensation for services performed—it can be understood by those terms that the alleged contract was intended to last longer than a year. Thus, the oral contract that Plaintiff alleges

could not possibly have been performed within one year, as required by the Statute of Frauds. The Court should dismiss Count IV of the Complaint with prejudice.

### G. Plaintiff's Claim for Unjust Enrichment Must Be Dismissed (Count VI).

#### i. Plaintiff's Claim for Unjust Enrichment is Preempted By The FLSA.

Plaintiff's "General " sets forth the central allegations of his Complaint: (1) he allegedly worked over 40 hours per week; and (2) CheckAlt allegedly did not pay Plaintiff at the proper overtime rate for all hours worked in excess of 40 per week. Compl. ¶¶ 7-8. In Count I, seeking relief under the FLSA, Plaintiff alleges that Defendants failed to comply with the FLSA as "in several workweeks during the relevant period, Plaintiff worked, in excess of forty (40) hours per week for Defendants… [and] in these workweeks, Plaintiff was not paid overtime compensation as required by Section 207 of the FLSA. It is also believed that Plaintiff worked regular time for which he was not paid." *Id*. at ¶ 11. Similarly, in Count VI, seeking relief under an equitable theory of recovery, Plaintiff alleges that CheckAlt "voluntarily accepted and retained the benefits conferred upon it by Plaintiff without paying his wages." *Id*. at ¶ 30.

Expressing the claim in terms of unjust enrichment does nothing to make the state law claim any different than the FLSA claim brought in Count I of the Complaint. Both the FLSA and the "state law" claim depend on the establishment of the same alleged facts: Plaintiff is entitled to overtime under the FLSA, Plaintiff worked over 40 hours per week, and CheckAlt failed to properly pay Plaintiff for all hours worked. The only difference is the way Plaintiff classified this claim. The FLSA, however, precludes such an effort to end-run its claims and procedures.

Indeed, numerous courts have dismissed such duplicative state law common law claims where they rely on proof of the same facts. As one court stated, "a plaintiff may not plead under a theory of unjust enrichment to avoid the statutory framework of the FLSA. Defendants' motion to dismiss

Plaintiffs' unjust enrichment claim as it relates to any claim of failure to pay minimum wages or overtime under the FLSA is GRANTED." *Bouthner v. Cleveland Constr. Inc.*, No. RDB-11-244, 2011 WL 2976868, at *7 (D. Md. July 21, 2011); *see also Morgan v. Speak Easy, LLC*, 625 F. Supp. 2d 632, 659-60 (N.D. Ill. 2007).

Similarly, in *Botello v. COI Telecom, LLC*, 2010 WL 3784202 (W.D. Tex. Sept. 21, 2010), the court dismissed the plaintiff's state law claim for unjust enrichment as preempted by the FLSA because it was "predicated on [d]efendant's alleged failure to compensate her for hours worked in excess of 40 hours; a requirement imposed by the FLSA [and] [t]he FLSA provides the exclusive remedy for violation of its mandates." *Id.* at *4; *see also Farmer v. Directsat USA, LLC*, No. 08C3962, 2010 WL 3927640, at *16 (N.D. Ill. Oct. 4, 2010); *Tombrello v. USX Corp.*, 763 F. Supp. 541, 545 (N.D. Ala. 1991). Here, as in *Botello*, Plaintiff's state law wage claim in Count VI is based on the allegation he "worked in excess of forty hours per week and was not paid at the proper overtime," a requirement clearly imposed by the FLSA.[3] *See* Compl. ¶ 7. Plaintiff cannot avoid the procedures and substantive rules of the FLSA through artful pleading, and the Court should dismiss Plaintiff's claim for unjust enrichment with prejudice.

### ii. FLSA Provides an Adequate Remedy for Plaintiff's Unjust Enrichment Claim.

Plaintiff's unjust enrichment count is a claim in equity designed to provide a remedy where one party was unjustly enriched. *See, e.g., Wachovia Ins. Servs., Inc. v. Fallon*, 682 S.E.2d 657, 665 (Ga. App. 2009). Because it is based in equitable theory only, recovery under Plaintiff's claim for unjust enrichment "is only available where there is no adequate remedy at law." *Mitsubishi Int'l Corp. v. Cardinal Textile Sales, Inc.*, 14 F.3d 1507, 1518-19 (11th Cir. 1994). Courts have

---

[3] Additionally, Plaintiff's Complaint does not cite or refer to any specific Florida statute or law imposing the overtime rate Plaintiff alludes to. The only statute or law specifically referred to throughout Plaintiff's Complaint is the FLSA.

addressed the concept of "adequate remedy at law" in a variety of contexts and have held that the availability of monetary damages via an alternative claim demonstrates that adequate remedies at law exist. *See H2Ocean, Inc. v. Schmitt*, No. 3:05CV387, 2006 WL 1835974 (N.D. Fla. June 30, 2006); *Martinez v. Weyerhaeuser Mortg. Co.*, 959 F. Supp. 1511 (S.D. Fla. 1996); *Peery v. CSB Behavioral Health Sys.*, No. CV106-172, 2008 WL 4425364 (S.D. Ga. Sept. 30, 2008).

In the instant action, the FLSA itself provides an adequate remedy through which Plaintiff may pursue any claims he has for unpaid overtime during his employment with CheckAlt. Because that adequate remedy not only exists but has been pled (albeit inadequately) in the Complaint, Plaintiff's claims for unjust enrichment should be dismissed with prejudice.

**H. Any Request to Amend Plaintiff's Complaint Should Be Denied as Futile.**

The Court should not allow Plaintiff to amend because amendment would be futile. Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant. *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir.2004). Only when the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, should a plaintiff be afforded an opportunity to test his claim on the merits. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Here, the facts and circumstances upon which Plaintiff relies in his deficient Complaint are not a proper subject of relief. For this reason, amendment would be futile and any request to do so should be denied.

**I. CONCLUSION AND RELIEF REQUESTED.**

WHEREFORE, Defendants CheckAlt ERAS, Inc. and Shai Stern respectfully request this honorable Court enter an Order granting Defendants' Motion to Dismiss Plaintiff's Complaint, with prejudice, in addition to any further relief deemed just and proper.

Dated:  July 24, 2020                              Respectfully Submitted,

                                                   By: *Laurie A. Perez*
                                                   Laurie A. Perez
                                                   Florida Bar No. 1009138
                                                   lperez@howardandhoward.com
                                                   HOWARD & HOWARD ATTORNEYS PLLC
                                                   200 S. Michigan Avenue, Suite 1100
                                                   Chicago, Illinois 60604
                                                   Tel:     (312) 372-4000
                                                   Fax:     (312) 939-5617

                                                   Stephen P. Dunn (*pro hac vice* motion pending)
                                                   Michigan Bar No. P68711
                                                   spd@h2law.com
                                                   Mark C. Vanneste (*pro hac vice* motion pending)
                                                   Michigan Bar No. P73001
                                                   mv@h2law.com
                                                   HOWARD & HOWARD ATTORNEYS PLLC
                                                   450 W. Fourth Street
                                                   Royal Oak, MI 48067
                                                   Tel:  (248) 723-0424
                                                   Fax:  (248) 645-1568

                                                   ***Attorneys for Defendants***

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on July 24, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the below Service List, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Filing electronically.

By: *Laurie A. Perez*
 Laurie A. Perez

**<u>SERVICE LIST</u>**

Scott M. Behren
Florida Bar No. 9877986
scott@behrenlaw.com
Behren Law Firm
1930 N. Commerce Parkway – Suite 4
Weston, FL 33326
Tel:     (954) 636-3802
Fax:     (772) 252-3365

***Attorney for Plaintiff***