**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 20-cv-22746-UU

CARLOS FERNANDEZ,

    Plaintiff,

v.

CHECKALT ERAS, INC. and
SHAI STERN,

    Defendants.

_____/

**ORDER**

THIS CAUSE comes before the Court upon Defendants' Motion to Dismiss Plaintiff's Complaint (the "Motion"). D.E. 9.

THE COURT has considered the Motion and the pertinent portions of the record and is otherwise fully advised on the premises. For the reasons set forth herein, the Motion is GRANTED IN PART.

**I.   Background**

Unless otherwise indicated, the following facts are taken from the Complaint for Damages (D.E. 1, Ex. 1) filed by Plaintiff Carlos Fernandez against Defendants CheckAlt ERAS, Inc. ("CheckAlt") and Shai Stern ("Stern" and, together with CheckAlt, "Defendants").

At all relevant times, Plaintiff was an employee of CheckAlt. D.E. 1, Ex. 1 ¶ 3. Stern was Plaintiff's supervisor and had "operational control" over CheckAlt. *Id.* Plaintiff alleges that "[i]n several workweeks during the relevant period, Plaintiff worked[] in excess [of] forty (40) hours per week for Defendants." *Id.* ¶ 11. During these weeks, however, Defendants purportedly failed to pay Plaintiff overtime compensation in violation of the Fair Labor Standards Act ("FLSA"). In

addition, Plaintiff alleges that "[i]t is also believed that Plaintiff worked regular time for which he was not paid." *Id.* ¶ 11. Further, Plaintiff alleges that during his employment with Defendants, "Plaintiff was improperly paid as a 1099 employee where, in actuality, he was a W-2 employee." *Id.* ¶ 8.

Plaintiff filed the underlying Complaint on or around June 2, 2020 in the 11th Judicial Circuit in and for Miami-Dade County, Florida. In the Complaint, Plaintiff asserts six causes of action for: (1) FLSA violations against both Defendants; (2) violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") against both Defendants; (3) declaratory relief against CheckAlt pertaining to Plaintiff's classification as a 1099 employee; (4) violation of 26 U.S.C. § 7434 against both Defendants for filing fraudulent information returns; (5) breach of oral contract against CheckAlt; and (6) unjust enrichment against CheckAlt. *See generally id.*

Defendants timely removed the state-court action to this Court. D.E. 1. Through the Motion, Defendants move to dismiss each count in Plaintiff's Complaint for failure to state a claim under Rule 12(b)(6). In addition, Defendants move to dismiss Stern as a named defendant. The Motion is now fully briefed and ripe for adjudication.

**II.     Legal Standard**

To state a claim for relief, Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." While a court, at this stage of the litigation, must consider the allegations contained in the plaintiff's complaint as true, this rule "is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In addition, the complaint's allegations must include "more than an unadorned, the-defendant unlawfully-harmed-me accusation." *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

(2007)). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

In practice, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard requires more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *Id.* Determining whether a complaint states a plausible claim for relief is a context-specific undertaking that requires the court to draw upon its judicial experience and common sense. *Id.* at 679.

Fraud claims are subject to Rule 9(b)'s heightened pleading requirements. Rule 9(b) provides that "[i]n allegations of fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake" but "[m]alice, intent, knowledge, and other condition of mind of a person shall be averred generally." Fed. R. Civ. P. 9(b). The Eleventh Circuit has stated that Rule 9(b)'s fraud particularity requirement is met as long as the complaint sets forth (1) precisely what representations were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) the same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (internal citation omitted).

**III.   Analysis**

    A.  <u>Count I – FLSA Violations</u>

Defendants argue that Count I should be dismissed because Plaintiff has not established coverage under the FLSA.  D.E. 9, pp. 5–7.  The FLSA provides for two forms of coverage: individual coverage and enterprise coverage. *Amadon v. Delivery Dudes, LLC*, No. 16-CV-62329, 2017 WL 7792707, at *2 (S.D. Fla. Mar. 3, 2017) (citing *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1265–66 (11th Cir. 2006)).  To trigger the applicability of the FLSA, a plaintiff must allege that he is covered by the FLSA through either theory of coverage. *Villafana v. Feeding S. Fla., Inc.*, No. 13-60760-CIV, 2013 WL 2646729, at *9 (S.D. Fla. June 12, 2013) (citing *Polycarpe v. E & S Landscaping Serv., Inc.*, 616 F.3d 1217, 1220 (11th Cir. 2010)).  A plaintiff may claim individual coverage "if he regularly and directly participates in the actual movement of things or persons in interstate commerce." *Ceant v. Aventura Limousine & Transp. Serv., Inc.*, 874 F. Supp. 2d 1373, 1376 (S.D. Fla. 2012) (citing *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011)).  And a plaintiff may assert enterprise coverage "if his employer: (1) has employees engaged in interstate commerce or in the production of goods for interstate commerce, or employees who handle, sell, or otherwise work on goods or materials that have been moved in, or produced for, interstate commerce by any person; and (2) has gross volume sales or business of at least $500,000 annually." *Id.*

Here, the Complaint is devoid of any allegations to establish that Plaintiff participated in interstate commerce, and as such, Plaintiff fails to allege individual coverage under the FLSA. Plaintiff attempts to establish enterprise coverage through his allegations that Defendants "were regularly engaged in activities that involved interstate commerce," and that Defendants "had annual gross sales or business in an amount not less than $500,000.00." D.E. 1, Ex. 1 ¶ 6.  The

Complaint, however, provides no factual allegations about the nature of Defendants' business or how Defendants' business is connected to interstate commerce. Plaintiff's conclusory statement that Defendants were involved in interstate commerce, without any supporting factual allegations, is insufficient to withstand dismissal. *Gaviria v. Maldonado Bros., Inc.*, No. 13-60321-CIV, 2013 WL 3336653, at *4 (S.D. Fla. July 2, 2013) ("Bare assertions that a defendant is 'engaged in interstate commerce within the meaning of the law,' and nothing more, are mere 'formulaic recitations of the elements of a cause of action' and should not survive a motion to dismiss."); *Burge v. Kings Realty Grp., LLC*, No. 12-CV-1172, 2012 WL 4356815, at *2 (M.D. Fla. Sept. 24, 2012) (finding that the plaintiff failed to sufficiently allege enterprise coverage because the complaint "merely allege[d] in conclusory fashion that 'Defendants were an enterprise engaging in commerce or in the production of goods for commerce' . . . and that 'Defendants have annual gross volume of sales or business done of not less than $500,000.'"); *see also Ceant*, 874 F. Supp. 2d at 1377 (dismissing the plaintiff's complaint for failing to provide sufficient allegations as to either enterprise or individual coverage under the FLSA).

Accordingly, the Court finds that Count I must be dismissed, but will allow Plaintiff an opportunity to amend.

B. <u>Count II – FDUTPA Violations</u>

In Count II, Plaintiff asserts a claim for "unfair and deceptive trade practice[s] prohibited by Florida Statutes." D.E. 1, Ex. 1 ¶ 14. More specifically, Plaintiff alleges that the "actions of Defendants, misclassifying Plaintiff, is an unfair and deceptive trade practice." *Id.* Defendants argue that Plaintiff's FDUTPA claim should be dismissed because "Plaintiff fails to sufficiently allege the element of causation or that he sustained actual damages." D.E. 9, p. 9. The Court agrees. More importantly, the Court finds *sua sponte* that Plaintiff cannot state a claim under

FDUTPA because he is not seeking to recover for a "deceptive or unfair trade practice" within the meaning of the statute.

The FDUTPA protects "the consuming public and legitimate business enterprises from those who engage in unfair methods of competition or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.202(2). Plaintiff is not suing as a consumer and he is not a "legitimate business enterprise." Rather, he is suing his former employer for unpaid compensation. Accordingly, Plaintiff has remedies, but they do not lie under FDUTPA. *See Leon v. Tapas & Tintos, Inc.*, 51 F. Supp. 3d 1290, 1296 (S.D. Fla. 2014) (dismissing with prejudice a claim for violations of FDUTPA predicated upon the defendants' alleged misclassification of the plaintiff as an independent contractor); *see also Pinecrest Consortium, Inc. v. Mercedes-Benz USA, LLC*, No. 13-20803-CIV, 2013 WL 1786356, at *1 (S.D. Fla. Apr. 25, 2013) (explaining that FDUTPA "has no application to entities complaining of tortious conduct which is not the result of a consumer transaction").

This limitation is apparent from the requirement that "actual damages in the FDUTPA context consist of the difference in the market value of the product or service in the condition in which it was delivered and its market value in the condition in which it should have been delivered according to the contract of the parties." *Vazquez v. Joseph Cory Holdings, LLC*, No. 16-CV-1307, 2016 WL 11221088, at *5 (M.D. Fla. Nov. 10, 2016) (internal quotation marks and citation omitted). Here, although Plaintiff alleges (in a most conclusory fashion) that he "suffered damages" as a "result of Defendants' unfair and deceptive trade practices" (D.E. 1, Ex. 1 ¶ 15), his damage claim is for unpaid compensation – not for the type of damages FDUTPA is intended to address.

As such, the Court will dismiss Count II with prejudice.

C. Count III – Declaratory Relief

Plaintiff alleges that during his employment with Defendants, he was "improperly classified as an independent contractor when in fact he was just an employee." D.E. 1, Ex. 1 ¶ 17. Through Count III, Plaintiff seeks "a declaration of whether he was an independent contractor." *Id.* ¶ 18. Defendants move to dismiss Count III, arguing that "this cause of action is nothing more than a mash-up of other counts in the Complaint and redundant where all issues are adequately addressed by those other counts." D.E. 9, p. 12.

The Declaratory Judgment Act "confers on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 284 (1995). Indeed, "a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment." *Compere v. Nusret Miami, LLC*, 391 F. Supp. 3d 1197, 1206 (S.D. Fla. 2019). Still, "[d]eclaratory relief is only appropriate where there is a threat of imminent future harm." *Id.* (citing *Elend v. Basham*, 471 F.3d 1199, 2017 (11th Cir. 2006).

Here, Plaintiff fails to allege that there is a threat of imminent future harm with respect to Plaintiff's alleged improper classification as an independent contractor. And given that Plaintiff is no longer employed by Defendants, there can be no future harm to Plaintiff stemming from his alleged classification as an independent contractor during his employment with Defendants. Declaratory relief is thus inappropriate. The Court finds that allowing Plaintiff to amend this count would be futile, and as such, Count III is dismissed with prejudice.

D. Count IV – Violation of 26 U.S.C. § 7434

Under Section 7434, "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil

action for damages against the person so filing such return." 26 U.S.C. § 7434. To state a claim under Section 7434, a plaintiff must allege: "(1) Defendants issued an information return; (2) [t]he information return was fraudulent; and (3) Defendants willfully issued a fraudulent information return." *Leon*, 51 F. Supp. 3d at 1297. With respect to the third element, "at the motion to dismiss stage, the complaint must contain specific allegations supporting a plausible inference that [the defendant] willfully filed false information returns." *Id.* at 1298. "Bare assertions that Defendants 'knew' the returns to be false, or that Plaintiff requested that Defendants pay him as an employee— without specific facts as to the who, what, when, why or how surrounding the actual filing of returns—does not meet the standard for pleading tax fraud." *Id.*

The Court finds that Plaintiff fails to state a claim under Section 7434. Plaintiff merely alleges that "Defendants have violated 26 U.S.C. Section 7434 by willfully filing of fraudulent information returns." D.E. 1, Ex. 1 ¶ 23. Plaintiff presumably predicates his claim under Count IV on the basis that "Plaintiff was improperly paid as a 1099 employee." *Id.* ¶ 8. But Plaintiff falls short of alleging that Defendants actually issued a 1099 to satisfy the first element required to state a claim under Section 7434. Accepting as true the fact that Plaintiff was "paid as a 1099 employee" does not establish that Defendants were the parties responsible for issuing the 1099s. Further, the Complaint contains no factual allegations with respect to how the information returns were purportedly fraudulent. Plaintiff only alleges that Defendant filed "fraudulent information returns." Moreover, Plaintiff fails to allege any facts to support a plausible inference that Defendants willfully filed false information returns. In short, the Complaint is devoid of any "specific facts as to the who, what, when, why or how surrounding the actual filing of returns," which must be pled to state a claim under Section 7434. *Leon*, 51 F. Supp. 3d at 1298.

Accordingly, Count IV is dismissed without prejudice.

E. <u>Count V – Breach of Oral Contract</u>

In Count V, Plaintiff alleges that Defendant CheckAlt breached "an oral agreement for Plaintiff to be paid certain compensation . . . by failing to pay agreed upon regular time and overtime." D.E. 1, Ex. 1 ¶¶ 24, 27. Defendants argue that Count V should be dismissed because Plaintiff "fails to plead the elements of a claim for breach of an oral contract." D.E. 9, p. 16. The Court agrees that Count V is subject to dismissal on this basis.[1]

To establish the existence of a contract, a plaintiff must plead offer, acceptance, consideration, and sufficient specification of the essential terms. *See, e.g.*, *Pirowskin v. Atl. & Pac. Ass'n Mgmt., Inc.*, No. 20-CV-21380, 2020 WL 2322920, at *2 (S.D. Fla. May 11, 2020) (citing *St. Joe Corp. v. McIver*, 875 So. 2d 375, 381 (Fla. 2004)). In addition, to state a claim for breach of an oral contract, "a plaintiff must allege that the 'parties mutually assented to a certain and definite proposition and left no essential terms open.'" *Id.* (quoting *W.R. Townsend Contracting, Inc. v. Jensen Civil Constr., Inc.*, 728 So. 2d 297, 300 (Fla. 1st DCA 1999)). "Conclusory allegations of 'verbal promises,' without more, do not state a claim for breach of contract under Florida law." *Sleit v. Ricoh Corp.*, No. 07-CV-724, 2007 WL 2565967, at *1 (M.D. Fla. Aug. 31, 2007).

Here, the only facts alleged by Plaintiff are that the parties entered into an "oral agreement for Plaintiff to be paid certain compensation," but that CheckAlt "breached the agreement by failing to pay agreed upon regular time and overtime," and as a result, Plaintiff suffered damages.

---

[1] Defendants also argue that Count V is barred by the Statute of Frauds. D.E. 9, p. 17–18. But the Court is not persuaded by this argument given that "the general rule is that an oral employment agreement for an indefinite period of time is not barred by the statute of frauds." *Al-Babtain v. Banoub*, No. 06-CV-1973, 2009 WL 10670840, at *2 (M.D. Fla. June 26, 2009) (applying Florida law).

The Complaint fails to allege any facts with respect to the formation or terms of the contract, and therefore, Count V fails to state a claim for breach of oral contract.

Accordingly, Count V is dismissed with leave to amend.

F.  Count VI – Unjust Enrichment

Plaintiff's claim for unjust enrichment is premised on the allegation that "Plaintiff worked in excess of forty hours per week and was not paid overtime and/or was not paid regular time." D.E. 1, Ex. 1 ¶ 7.  Defendants argue that Plaintiff's unjust enrichment claim is subject to dismissal with prejudice because it is preempted by the FLSA.

"[A] plaintiff cannot circumvent the exclusive remedy prescribed by Congress in asserting equivalent state law claims in addition to the FLSA." *Garcia v. Nachon Enters., Inc.*, 223 F. Supp. 3d 1257, 1268 (S.D. Fla. 2016).  "Where a plaintiff's state law claims are merely the FLSA claims recast in state law terms, those state law claims are preempted by the FLSA." *Id.*  Here, the Court finds that Plaintiff's claim for unjust enrichment is nothing more than a state-law version of his FLSA claim for unpaid wages.[2]  *See* D.E. 1, Ex. 1 ¶ 30 ("[Defendant] voluntarily accepted and retained the benefits conferred upon it by Plaintiff without paying his wages.").  Moreover, unjust enrichment is only available where there is no adequate remedy at law, and in this case, the FLSA provides an adequate remedy through which Plaintiff may pursue his claim for unpaid wages.  *See Bule v. Garda CL S.E., Inc.*, No. 14-21898-CIV, 2014 WL 3501546, at *3 (S.D. Fla. July 14, 2014).

Accordingly, Count VI is dismissed with prejudice.

---

[2]  Although the Southern District of Florida is split on the issue of "whether a claim for unjust enrichment survives a preemption challenge where it's pled solely as an *alternative* to the FLSA," *Altare v. Vertical Reality MFG, Inc.*, No. 19-CV-21496, 2020 WL 209272, at *3 (S.D. Fla. Jan. 14, 2020), nowhere does Plaintiff allege that his unjust enrichment claim is pled in the alternative to his FLSA claim.

G. Defendant Stern

As a final matter, Defendants argue that Stern should be dismissed with prejudice from this case as a named party defendant because he is "shielded by the corporation." D.E. 9, p. 4. According to Defendants, "[t]he corporate shield doctrine prohibits jurisdiction over an individual if the individual's only relevant contacts with the forum are acts performed for the benefit of the individual's employer."[3] *Id.* Stern is named as a defendant in Counts I, II, and IV.

With respect to Plaintiff's Count I (FLSA violations), the FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The statute thus explicitly includes individuals other than the actual employer within its definition of "employer." In fact, "[t]he overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Patel v. Wargo*, 803 F.2d 632, 637–38 (11th Cir. 1986). In this case, Plaintiff alleges that Stern "was the supervisor of Plaintiff[] and had operational control over Check[Alt]." D.E. 1, Ex. 1 ¶ 3. Accepting these allegations as true, the Court finds that Plaintiff has alleged enough facts to preclude a dismissal of Mr. Stern with prejudice.

As for Count IV (Section 7434 violation), the Court has already determined that dismissal of this count with leave to amend is appropriate. Although the Complaint as pled offers limited factual allegations with respect to Stern, Count IV sounds in fraud. And as Defendants assert in

---

[3] In their Reply, Defendants argue for the first time that Plaintiff has failed to establish personal jurisdiction over Stern. *See* D.E. 25. But by not raising lack of personal jurisdiction in the Motion, Defendants have waived that argument. *See, e.g.*, *U.S. Commodity Furtures Trading Comm'n v. Oakmont Fin., Inc.*, 191 F. Supp. 3d 1347, 1352 (S.D. Fla. 2016) ("Because the Defendant makes this argument for the first time in the Reply, the Court will not consider the argument.").

the Motion, "[a] corporate officer is only subject to jurisdiction in the forum if the corporate officer commits intentional torts." D.E. 9, p. 4. As such, dismissal of Stern at this time would be premature.

**IV.     Conclusion**

For the foregoing reasons, it is hereby

ORDERED AND ADJUDGED that the Motion (D.E. 9) is GRANTED IN PART. Counts II, III, and VI are DISMISSED WITH PREJUDICE. Counts I, IV, and V are DISMISSED WITHOUT PREJUDICE and with leave to amend. Plaintiff may file an amended complaint no later than **Friday, September 11, 2020**. Failure to adhere to this deadline will result in dismissal of this action without further notice. It is further

ORDERED AND ADJUDGED that the Initial Planning and Scheduling Conference is RESET to **Friday, October 2, 2020**.

DONE AND ORDERED in Chambers, Miami, Florida, this 28th day of August, 2020.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

Copies furnished:
All counsel of record