UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  20-22746-CV-UNGARO

CARLOS FERNANDEZ

    Plaintiff,
vs.

CHECK ALT ERAS INC.
and SHAI STERN
    Defendants
_____/

## AMENDED COMPLAINT FOR DAMAGES

Plaintiff, Carlos Fernandez, sue Defendants, Check Alt Eras, Inc. ("Check")  and Shai Stern ("Stern") and  states as follows:

### Jurisdiction

1. This is an action for damages which exceeds $30,000 exclusive of attorneys' fees, interest and costs.

2. This Court has jurisdiction over this matter in that venue is proper in that Defendant operates out of Miami Dade County Florida.

### The Parties/Participants

3. Plaintiff is a resident of , Florida and is *sui juris*. Plaintiff was at all material times hereto an employee of Defendant Check and Stern was the supervisor of Plaintiff and had operational control over Check.

### General Allegations

4. This is an action seeking recovery of unpaid overtime and/or regular compensation owed to Plaintiff, pursuant to the Fair Labor Standards Act, 29 U.S.C. Section 201, *et. seq*, as amended.

5. At all times material hereto, Plaintiff was a resident of the State of Florida and was employed by Defendants.

6. At all times material hereto, Defendants were doing business in the State of Florida and were regularly engaged in activities that involved interstate commerce. Check is a leader in delivering item processing and treasury management solutions for hundreds of financial institution and business clients in the United States representing a variety of industry sectors, including: property management, healthcare, utilities, municipalities, nonprofit, higher education, and small business. Check provides services for its clients such as e-check processing, merchant services, loan payment processing, virtual credit card processing, as well as remote and electronic lock boxes. Check has offices in California, New York and Miami, Florida. CheckAlt maintains a lockbox processing network of 13 locations nationwide, processing more than 64 million items per year. All of these actions of Check demonstrate that it engages in interstate commerce. Moreover, at all times material hereto, each Defendant had annual gross sales or business in an amount not less than $500,000.00. By reason of the foregoing, each Defendant was and is an "employer" within the meaning of Section 3(d) of the FLSA.

7. Plaintiff commenced working for Check in 2017 at and agreed to pay him at $70 an hour for all work performed for it. Plaintiff provided services to Check at $70 per hour but Check refused to pay Plaintiff for hours worked over 40 in a week. On or about January 2018, Shai unilaterally reduced Plaintiff's hourly rate to $65 per hour. Plaintiff did not agree to the reduction in hourly rate, but continued to work over 40 hours in a week

for Check.   Plaintiff estimate that he is owed over $22,000 in unpaid overtime.  Check also improperly characterized Plaintiff as a 1099 when he was actually an employee of Check.

8. During his employment Plaintiff was improperly salary exempt when he should have been paid overtime for all hours worked over 40 in a week.

9. Plaintiffs has retained the undersigned law firm in this matter and has agreed to pay it a reasonable fee for its services.

### Count I-FLSA
### (Overtime and/or Regular Time Compensation)(as to Both Defendants)

10. Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 9 by reference.

11. In several workweeks during the relevant period, Plaintiff worked, in excess for forty(40) hours per week for Defendants.  In these workweeks, Plaintiff was not paid overtime compensation as is required by Section 207 of the FLSA.  It is also believed that Plaintiff worked regular time for which he was not paid.

12. As a direct and proximate result of Defendants' failure to pay overtime compensation, Plaintiff has been damaged in the loss of wages and have incurred and are incurring reasonable attorney's fees.

13. Defendants' failure to pay overtime was deliberate, willful and without good faith or any legal justification.  Consequently, Plaintiff, is entitled to liquidated damages in an amount equal to the underpayment of overtime compensation, and may seek recovery dating back three (3) years from the filing of this action.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages (unpaid overtime), liquidated damages (double damage) and attorneys' fees and court costs pursuant to the FLSA and for such other and further relief as this Court deems just and proper.

### Count II - Breach of Oral Contract (as to Check)

Plaintiffs reavers and realleges paragraphs 1 through 9 as if fully set forth herein and further alleges:

14.     Plaintiffs and Defendant entered into an oral agreement for Plaintiff to be paid certain at $70 an hour for work performed for it.  Check agreed to pay for all hour worked and to pay time and a half for overtime.  Instead Check refused to pay for more than 40 hours worked in any given week.  Check also then unilaterally reduced Plaintiff's hourly rate to $65 per hour without his agreement.

15.     In consideration of the performance of his services, Check was to pay Plaintiff his compensation which Check failed to do in full.

16.     Check breached the agreement with Plaintiff by failing to pay the agreed upon regular time and overtime and by unilaterally reducing Plaintiff's hourly rate.

17.     By virtue of Check's breach of the agreement, Plaintiff has suffered damages in excess of $22,000.00.

WHEREFORE, Plaintiff demands judgment against Check for, damages together with  interest, court costs, attorneys' fees in accordance with Fla. Stat. § 448.08, and for any  and  all  other  and  further  relief  this  Court  deems  just  and  proper  under  the

circumstances.

## Demand for Jury Trial

Plaintiff demands trial by jury on all issues so triable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been e-mailed this 11 day of September 2020: Laurie Perez, Esq. and Stephen P. Dunn, Esq., 200 S. Michigan Ave., Ste. 1100, Chicago, IL 60604

>Behren Law Firm
>1930 N. Commerce Parkway-Suite 4
>Weston, FL 33326
>(954) 636-3802 - phone
>(772) 252-3365 - fax
>scott@behrenlaw.com
>
>By:/Scott M. Behren/
>    Scott M. Behren
>    Fla Bar No. 987786