UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  20-22746-CV-UNGARO

CARLOS FERNANDEZ and
TECHNOLOGICAL CONCEPTS, INC.

     Plaintiffs,

vs.

CHECK ALT ERAS INC.
and SHAI STERN
     Defendants

_____/

## SECOND AMENDED COMPLAINT FOR DAMAGES

Plaintiffs, Carlos Fernandez ("Fernandez") and Technological Concepts, Inc. ("Concepts"), sue Defendants, Check Alt Eras, Inc. ("Check") and Shai Stern ("Stern") and states as follows:

### Jurisdiction

1.     This is an action for damages which exceeds $30,000 exclusive of attorneys' fees, interest and costs.

2.     This Court has jurisdiction over this matter in that venue is proper in that Defendant operates out of Miami Dade County Florida.

### The Parties/Participants

3.     Plaintiff is a resident of , Florida and is *sui juris*. Plaintiff was at all material times hereto an employee of Defendant Check and Stern was the supervisor of Plaintiff and had operational control over Check.

### General Allegations

4.     This is an action seeking recovery of unpaid overtime and/or regular

compensation owed to Plaintiff, pursuant to the Fair Labor Standards Act, 29 U.S.C. Section 201, *et. seq*, as amended.

5.     At all times material hereto, Fernandez was a resident of the State of Florida and was employed by Defendants.  On or about November 2017, Fernandez was hired by Defendants as a Systems Engineer.  At the insistence of Defendants, Fernandez was paid through a corporation Concepts as in independent contractor.  Based upon the economic realities test, this relationship should be disregarded since, in fact, Fernandez was an employee of Defendants.  Fernandez, had no opportunity for profit or loss based upon his skill level in his work for Defendants.  Defendants dictated how many hours would be worked, what would be done, where Fernandez would work and provided the equipment and supplies for this work including a company lap top and Checks VPN.  Fernandez had no degree of independent business organization and operation while working for Defendants.  It was all dictated by the Defendants to Fernandez.   Fernandez worked remotely and also at Check's offices in Miami as directed by Check and Stern.  While working for Check, Fernandez was unable to work for any other employers.  Fernandez employment was terminated on or about January 18, 2020.

6.     At all times material hereto, Defendants were doing business in the State of Florida and were regularly engaged in activities that involved interstate commerce.  Check is a leader in delivering item processing and treasury management solutions for hundreds of financial institution and business clients in the United States representing a variety of industry sectors, including: property management, healthcare, utilities, municipalities,

2

nonprofit, higher education, and small business.  Check provides services for its clients such as e-check processing, merchant services, loan payment processing, virtual credit card processing, as well as  remote and electronic lock boxes.    Check has offices in California, New York and Miami, Florida.  CheckAlt maintains a lockbox processing network of 13 locations nationwide, processing more than 64 million items per year.  All of these actions of Check demonstrate that it engages in interstate commerce.  Moreover, at all times material hereto, each Defendant had annual gross sales or business in an amount not less than $500,000.00.  By reason of the foregoing, each Defendant  was and is an "employer" within the meaning of Section 3(d) of the FLSA.  Fernandez work was similarly working in interstate commerce in that he performed IT work for Defendants for use in their interstate business including but not limited to IT work for Checks' interstate employees and clients including but not limited to: deactivation of accounts, working on permissions for  RCA  Sharepoint,  deactivating  accounts,  doing  Mimecast  Renewals,  updating development Disto Lists, assisting with client access to various online sites, assisting with clients access to various backups, working on DNC filters, working on virtual emails, working on spam filters and working on Airwatch servers.

7.    Plaintiff commenced working for Check and Stern  in 2017, and at insistence of Check and Stern was asked to bill through Concepts and be paid through Concepts. Check and Stern agreed to pay Concepts and Fernandez at $70 an hour for all work performed for it. Plaintiffs provided services to Check at $70 per hour but Check and Stern refused to pay Plaintiffs for hours worked over 40 in a week.   On or about January 2018,

Stern unilaterally reduced Plaintiff's hourly rate to $65 per hour.   Plaintiffs  did not agree to the reduction in hourly rate, but continued to work over 40 hours in a week for Check. In addition, when Fernandez hourly rate was reduced, Stern promised that Fernandez would get two weeks of paid vacation.   This vacation time was also never paid to Fernandez.   Plaintiffs estimate that they are owed over $22,000 in unpaid overtime, see attached calculations showing dates and times worked, what was paid and what was unpaid, as Exhibit A..  Check also improperly characterized Plaintiff as a 1099 when he was actually an employee of Check based upon the economic realities test.

8.     During his employment Fernandez was improperly paid hourly with no overtime when he should have been paid overtime for all hours worked over 40 in a week.

9.     Plaintiffs  have retained the undersigned law firm in this matter and has agreed to pay it a reasonable fee for its services.

### Count I-FLSA
### (Overtime and/or Regular Time Compensation)
### (by Fernandez as to Both Defendants)

10.     Fernandez  hereby incorporates the allegations set forth in paragraphs 1 through 9 by reference.

11.     In several workweeks during the relevant period, Fernandez worked, in excess for forty(40) hours per week for Defendants.  In these workweeks, Fernandez was not paid overtime compensation as is required by Section 207 of the FLSA.  It is also believed that Fernandez worked regular time for which he was not paid.

12.     As a direct and proximate result of Defendants' failure to pay overtime

4

compensation, Fernandez has been damaged in the loss of wages and have incurred and are incurring reasonable attorney's fees.

13.     Defendants' failure to pay overtime was deliberate, willful and without good faith or any legal justification.  Consequently, Fernandez, is entitled to liquidated damages in an amount equal to the underpayment of overtime compensation, and may seek recovery dating back three (3) years from the filing of this action.

WHEREFORE, Fernandez demands judgment against Defendants for compensatory damages (unpaid overtime), liquidated damages (double damage) and attorneys' fees and court costs pursuant to the FLSA and for such other and further relief as this Court deems just and proper.

### Count II - Breach of Oral Contract (by Fernandez against Check) (In the Alternative to FLSA Claims)

Fernandez reavers and realleges paragraphs 1 through 9 as if fully set forth herein and further alleges:

14.     Fernandez and Check entered into an oral agreement for Fernandez to be paid certain at $70 an hour for work performed for it.  Check agreed to pay for all hours worked and to pay time and a half for overtime.  Instead Check refused to pay for more than 40 hours worked in any given week.  Check also then unilaterally reduced Plaintiff's hourly rate to $65 per hour without his agreement.

15.     In consideration of the performance of his services, Check was to pay Fernandez his compensation which Check failed to do in full even though Fernandez fully complied with this contract and performed all services requested by Check.

16.     Check breached the agreement with Fernandez by failing to pay the agreed upon regular time and overtime and by unilaterally reducing Fernandez's hourly rate. Check also failed to pay the agreed upon vacation time to Fernandez.

17.     By virtue of Check's breach of the agreement, Fernandez has suffered damages in excess of $22,000.00, the details are set forth in attached Exhibit A. Fernandez also seeks to be paid the promised two weeks of vacation time of $4,800.00.

WHEREFORE, Fernandez demands judgment against Check for, damages together with interest, court costs, attorneys' fees in accordance with Fla. Stat. § 448.08, and for any and all other and further relief this Court deems just and proper under the circumstances.

### Count III - Breach of Oral Contract (by Concepts against Check) (In the Alternative to FLSA Claims)

Concepts reavers and realleges paragraphs 1 through 9 as if fully set forth herein and further alleges:

18.     Fernandez contends that under the FLSA and the economic realities test that he should have been classified as an employee and paid overtime. In the event this Court disagrees, Concepts brings this alternate cause of action.

19.     Concepts and Check entered into an oral agreement for Concepts to be paid certain at $70 an hour for work performed for it. Check agreed to pay for all hours worked and to pay time and a half for overtime. Instead Check refused to pay for more than 40 hours worked in any given week. Check also then unilaterally reduced Concept's hourly

rate to $65 per hour without his agreement.

20.    In consideration of the performance of his services, Check was to pay Concepts its compensation which Check failed to do in full even though Concepts fully complied with this contract and performed all services requested by Check.

21.    Check breached the agreement with Concepts by failing to pay the agreed upon regular time and overtime and by unilaterally reducing Concepts's hourly rate. Check also breached the agreement with Concepts by failing to pay agreed upon vacation time and by failing to pay its last invoice.

22.    By virtue of Check's breach of the agreement, Concepts has suffered damages in excess of $22,000.00, the details are set forth in attached Exhibit A. Concepts also seeks to be paid the promised two weeks of vacation time of $4,800.00.

WHEREFORE, Concepts demands judgment against Check for, damages together with interest, court costs, and for any and all other and further relief this Court deems just and proper under the circumstances.

### Demand for Jury Trial

Plaintiff demands trial by jury on all issues so triable.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been e-mailed this 12 day of October 2020: Laurie Perez, Esq. and Stephen P. Dunn, Esq., 200 S. Michigan Ave., Ste. 1100, Chicago, IL 60604

Behren Law Firm
1930 N. Commerce Parkway-Suite 4
Weston, FL 33326
(954) 636-3802 - phone
(772) 252-3365 - fax
scott@behrenlaw.com

By:/Scott M. Behren/
       Scott M. Behren
       Fla Bar No. 987786

| Invoice | Invoice Date | Start Week | End Week | Hours worked | Billed | Comp | Comp Invoice | Unbilled Hours |
|---|---|---|---|---|---|---|---|---|
| CAE-001 | 11/13/2017 | 10/29/2017 | 11/11/2017 | 64.00 | 64.00 | 0.00 | | 0.00 |
| CAE-002 | 11/21/2017 | 11/12/2017 | 11/25/2017 | 80.00 | 80.00 | 0.00 | | 0.00 |
| CAE-003 | 12/7/2017 | 11/26/2017 | 12/9/2017 | 80.00 | 80.00 | 0.00 | | 0.00 |
| CAE-004 | 12/22/2017 | 12/10/2017 | 12/23/2017 | 80.00 | 80.00 | 0.00 | | 0.00 |
| CAE-005 | 1/5/2018 | 12/24/2017 | 1/6/2018 | 80.00 | 80.00 | 0.00 | | 0.00 |
| CAE-006 | 1/19/2018 | 1/7/2018 | 1/20/2018 | 80.00 | 80.00 | 0.00 | | 0.00 |
| CAE-007 | 2/2/2018 | 1/21/2018 | 2/3/2018 | 80.00 | 80.00 | 0.00 | | 0.00 |
| CAE-008 | 2/16/2018 | 2/4/2018 | 2/17/2018 | 80.00 | 80.00 | 0.00 | | 0.00 |
| CAE-009 | 3/2/2018 | 2/18/2018 | 3/3/2018 | 82.50 | 80.00 | 0.00 | | 2.50 |
| CAE-010 | 3/17/2018 | 3/4/2018 | 3/17/2018 | 82.50 | 80.00 | 0.00 | | 2.50 |
| CAE-011 | 3/29/2018 | 3/18/2018 | 3/31/2018 | 90.17 | 80.00 | 0.00 | | 10.17 |
| CAE-012 | 4/16/2018 | 4/1/2018 | 4/14/2018 | 90.17 | 80.00 | 0.00 | | 10.17 |
| CAE-013 | 4/27/2028 | 4/15/2018 | 4/28/2018 | 82.32 | 80.00 | 0.00 | | 2.32 |
| CAE-014 | 5/15/2018 | 4/29/2018 | 5/12/2018 | 60.48 | 60.48 | 0.00 | | 0.00 |
| CAE-015 | 5/29/2018 | 5/13/2018 | 5/26/2018 | 83.20 | 80.00 | 0.00 | | 3.20 |
| CAE-016 | 6/8/2018 | 5/27/2018 | 6/9/2018 | 91.75 | 80.00 | 0.00 | | 11.75 |
| CAE-017 | 6/22/2018 | 6/10/2018 | 6/23/2018 | 80.14 | 80.00 | 0.00 | | 0.14 |
| CAE-018 | 7/7/2018 | 6/24/2018 | 7/7/2018 | 80.05 | 80.00 | 0.00 | | 0.05 |
| CAE-019 | 7/22/2018 | 7/8/2018 | 7/21/2018 | 85.63 | 80.00 | 0.00 | | 5.63 |
| CAE-020 | 8/3/2018 | 7/22/2018 | 8/4/2018 | 82.59 | 80.00 | 0.00 | | 2.59 |
| CAE-021 | 8/17/2018 | 8/5/2018 | 8/18/2018 | 81.80 | 80.00 | 0.00 | | 1.80 |
| CAE-022 | 8/31/2018 | 8/19/2018 | 9/1/2018 | 80.05 | 80.00 | 0.00 | | 0.05 |
| CAE-023 | 8/31/2018 | 9/2/2018 | 9/15/2018 | 80.03 | 80.00 | 0.00 | | 0.03 |
| CAE-024 | 9/27/2018 | 9/16/2018 | 9/29/2018 | 80.07 | 80.00 | 0.00 | | 0.07 |
| CAE-025 | 10/12/2018 | 9/30/2018 | 10/13/2018 | 80.10 | 80.00 | 0.00 | | 0.10 |
| CAE-026 | 10/26/2018 | 10/14/2018 | 10/27/2018 | 80.19 | 80.00 | 0.00 | | 0.19 |
| CAE-027 | 11/9/2018 | 10/28/2018 | 11/10/2018 | 81.09 | 80.00 | 0.00 | | 1.09 |
| CAE-028 | 11/23/2018 | 11/11/2018 | 11/24/2018 | 80.17 | 80.00 | 0.00 | | 0.17 |
| CAE-029 | 12/7/2018 | 11/25/2018 | 12/8/2018 | 80.08 | 80.00 | 0.00 | | 0.08 |
| CAE-030 | 12/21/2018 | 12/9/2018 | 12/22/2018 | 80.07 | 80.00 | | | 0.07 |
| CAE-031 | 1/5/2019 | 12/23/2018 | 1/5/2019 | 80.00 | 80.00 | | | 0.00 |
| CAE-032 | 1/18/2019 | 1/6/2019 | 1/19/2019 | 80.00 | 80.00 | | | 0.00 |

| ID | Date 1 | Date 2 | Date 3 | Value | | | OT Hours | |
|---|---|---|---|---|---|---|---|---|
| CAE-033 | 2/1/2019 | 1/20/2019 | 2/2/2019 | 88.00 | 80.00 | 0.00 | | 8.00 |
| CAE-034 | 2/19/2019 | 2/3/2019 | 2/16/2019 | 81.75 | 80.00 | 0.00 | | 1.75 |
| CAE-035 | 3/1/2019 | 2/17/2019 | 3/2/2019 | 81.75 | 80.00 | 0.00 | | 1.75 |
| CAE-036 | 3/16/2019 | 3/3/2019 | 3/16/2019 | 88.75 | 80.00 | 0.00 | | 8.75 |
| CAE-037 | 3/28/2019 | 3/17/2019 | 3/30/2019 | 98.50 | 80.00 | 8.00 CAE-037 | | 10.50 |
| CAE-038 | 4/12/2019 | 3/31/2019 | 4/13/2019 | 99.41 | 80.00 | 8.00 CAE-038 | | 11.41 |
| CAE-039 | 4/27/2019 | 4/14/2019 | 4/27/2019 | 102.50 | 80.00 | 16.00 CAE-039 | | 6.50 |
| CAE-040 | 5/9/2019 | 4/28/2019 | 5/11/2019 | 93.00 | 80.00 | 16.00 CAE-040 | | -3.00 |
| CAE-041 | 5/24/2019 | 5/12/2019 | 5/25/2019 | 85.50 | 80.00 | 8.00 CAE-041 | | -2.50 |
| CAE-042 | 6/7/2019 | 5/26/2019 | 6/8/2019 | 80.00 | 80.00 | 0.00 | | 0.00 |
| CAE-043 | 6/21/2019 | 6/9/2019 | 6/22/2019 | 80.50 | 80.00 | 0.00 | | 0.50 |
| CAE-044 | 7/5/2019 | 6/23/2019 | 7/6/2019 | 80.00 | 80.00 | 0.00 | | 0.00 |
| CAE-045 | 7/19/2019 | 7/7/2019 | 7/20/2019 | 80.00 | 80.00 | 0.00 | | 0.00 |
| CAE-046 | 8/2/2019 | 7/21/2019 | 8/3/2019 | 82.00 | 80.00 | 0.00 | | 2.00 |
| CAE-047 | 8/16/2019 | 8/4/2019 | 8/17/2019 | 80.00 | 80.00 | 0.00 | | 0.00 |
| CAE-048 | 8/30/2019 | 8/18/2019 | 8/31/2019 | 80.00 | 80.00 | 0.00 | | 0.00 |
| CAE-049 | 9/13/2019 | 9/1/2019 | 9/14/2019 | 80.00 | 80.00 | 0.00 | | 0.00 |
| CAE-050 | 9/13/2019 | 9/15/2019 | 9/28/2019 | 80.25 | 80.00 | 0.00 | | 0.25 |
| CAE-051 | 10/12/2019 | 9/29/2019 | 10/12/2019 | 80.00 | 80.00 | 0.00 | | 0.00 |
| CAE-052 | 10/25/2019 | 10/13/2019 | 10/26/2019 | 80.00 | 80.00 | 0.00 | | 0.00 |
| CAE-053 | 11/9/2019 | 10/27/2019 | 11/9/2019 | 84.00 | 80.00 | 0.00 | | 4.00 |
| CAE-054 | 11/22/2019 | 11/10/2019 | 11/23/2019 | 120.33 | 80.00 | 0.00 | | 40.33 |
| CAE-055 | 12/9/2019 | 11/24/2019 | 12/7/2019 | 96.00 | 80.00 | 0.00 | | 16.00 |
| CAE-056 | 12/23/2019 | 12/8/2019 | 12/21/2019 | 117.00 | 80.00 | 0.00 | | 37.00 |
| CAE-057 | 1/3/2020 | 12/22/2019 | 1/4/2020 | 96.25 | 80.00 | 0.00 | | 16.25 |
| CAE-058 | 1/17/2020 | 1/5/2020 | 1/18/2020 | 108.00 | 80.00 | 0.00 | OT Hours | 28.00 |
| | | | | | | | | 233.99 |

Total Due ( Unpaid CAE-058 + Unpaid OT )          $27,592.23

| Rate | OT Rate | $ Billed | $ Owed |
| --- | --- | --- | --- |
| $75.00 | $112.50 | $4,800.00 | $0.00 |
| $75.00 | $112.50 | $6,000.00 | $0.00 |
| $75.00 | $112.50 | $6,000.00 | $0.00 |
| $75.00 | $112.50 | $6,000.00 | $0.00 |
| $75.00 | $112.50 | $6,000.00 | $0.00 |
| $75.00 | $112.50 | $6,000.00 | $0.00 |
| $75.00 | $112.50 | $6,000.00 | $0.00 |
| $75.00 | $112.50 | $6,000.00 | $281.25 |
| $75.00 | $112.50 | $6,000.00 | $281.25 |
| $75.00 | $112.50 | $6,000.00 | $0.00 |
| $75.00 | $112.50 | $6,000.00 | $261.00 |
| $75.00 | $112.50 | $6,000.00 | $1,144.13 |
| $75.00 | $112.50 | $4,536.00 | $360.00 |
| $75.00 | $112.50 | $6,000.00 | $1,321.88 |
| $75.00 | $112.50 | $6,000.00 | $15.75 |
| $75.00 | $112.50 | $6,000.00 | $5.63 |
| $75.00 | $112.50 | $6,000.00 | $633.38 |
| $75.00 | $112.50 | $6,000.00 | $291.38 |
| $75.00 | $112.50 | $6,000.00 | $202.50 |
| $75.00 | $112.50 | $6,000.00 | $5.62 |
| $75.00 | $112.50 | $6,000.00 | $3.38 |
| $75.00 | $112.50 | $6,000.00 | $7.87 |
| $75.00 | $112.50 | $6,000.00 | $11.25 |
| $75.00 | $112.50 | $6,000.00 | $21.37 |
| $75.00 | $112.50 | $6,000.00 | $122.63 |
| $75.00 | $112.50 | $6,000.00 | $19.13 |
| $75.00 | $112.50 | $6,000.00 | $9.00 |
| $75.00 | $112.50 | $6,000.00 | $7.87 |
| $75.00 | $112.50 | $6,000.00 | $0.00 |
| $75.00 | $112.50 | $6,000.00 | $0.00 |
| $75.00 | $112.50 | $6,000.00 | $0.00 |

| | | Owed OT | $22,392.23 |
|---|---|---|---|
| $75.00 | $112.50 | $6,000.00 | $900.00 |
| $60.00 | $90.00 | $4,800.00 | $157.50 |
| $60.00 | $90.00 | $4,800.00 | $157.50 |
| $60.00 | $90.00 | $4,800.00 | $787.50 |
| $60.00 | $90.00 | $4,800.00 | $945.00 |
| $60.00 | $90.00 | $4,800.00 | $1,026.90 |
| $60.00 | $90.00 | $4,800.00 | $585.00 |
| $60.00 | $90.00 | $4,800.00 | -$270.00 |
| $60.00 | $90.00 | $4,800.00 | -$225.00 |
| $60.00 | $90.00 | $4,800.00 | $0.00 |
| $60.00 | $90.00 | $4,800.00 | $45.00 |
| $60.00 | $90.00 | $4,800.00 | $0.00 |
| $60.00 | $90.00 | $4,800.00 | $0.00 |
| $60.00 | $90.00 | $4,800.00 | $180.00 |
| $60.00 | $90.00 | $4,800.00 | $0.00 |
| $60.00 | $90.00 | $4,800.00 | $0.00 |
| $60.00 | $90.00 | $4,800.00 | $0.00 |
| $60.00 | $90.00 | $4,800.00 | $22.50 |
| $60.00 | $90.00 | $4,800.00 | $0.00 |
| $60.00 | $90.00 | $4,800.00 | $0.00 |
| $60.00 | $90.00 | $4,800.00 | $0.00 |
| $60.00 | $90.00 | $4,800.00 | $360.00 |
| $60.00 | $90.00 | $4,800.00 | $3,629.70 |
| $60.00 | $90.00 | $4,800.00 | $1,440.00 |
| $60.00 | $90.00 | $4,800.00 | $3,330.00 |
| $60.00 | $90.00 | $4,800.00 | $1,584.38 |
| $65.00 | $97.50 | $5,200.00 | $2,730.00 |
| $65.00 | $97.50 | $5,200.00 | |