UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-22746-CIV-UNGARO

CARLOS FERNANDEZ and
TECHNOLOGICAL CONCEPTS, INC.,

    Plaintiffs,

v.

CHECKALT ERAS, INC. and
SHAI STERN,

    Defendants.
_____/

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Defendants CheckAlt ERAS, Inc. ("CheckAlt") and Shai Stern ("Stern") (collectively, "Defendants") hereby oppose Plaintiffs Carlos Fernandez's and Technological Concepts, Inc.'s ("Tech. Concepts") (collectively, "Plaintiffs") Motion to Strike Defendants' Motion to Dismiss the Second Amended Complaint [D.E. 48] and, in support thereof, state as follows:

**I. INTRODUCTION**

In their Motion, Plaintiffs seek to strike Defendants' timely-filed and well-supported Motion to Dismiss the Second Amended Complaint, arguing that it is "immaterial or impertinent" because, rather than file "an answer" to the Second Amended Complaint, Defendants "filed another Motion to Dismiss…." D.E. 48, at ¶¶ 2-3, 5. Plaintiffs' Motion to Strike fails as a matter of law and must be denied.

First, Plaintiffs' Motion to Strike Defendants' Motion to Dismiss is improper under the Federal Rules. Federal Rule of Civil Procedure 12(f), the sole basis upon which Plaintiffs move, provides only for the striking of pleadings, not motions. *See* Fed. R. Civ. P. 12(f) ("The court may

1

strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.") (emphasis added). Thus, Rule 12(f) cannot serve as the procedural vehicle for striking Defendants' Motion to Dismiss the Second Amended Complaint, which is plainly not a pleading.

Second, even if Plaintiffs' Motion to Strike were procedurally proper (it is not), Plaintiffs have not established that Defendants' Motion to Dismiss the Second Amended Complaint is so immaterial or impertinent as to require its striking under Rule 12(f). The Court's November 6, 2020 Order required a response to Plaintiffs' Second Amended Complaint by November 20, 2020. D.E. 43, at 5. Defendants timely filed their response to Plaintiffs' Second Amended Complaint on November 16, 2020; namely, their Motion to Dismiss under Rule 12(b)(6). D.E. 47. Importantly, the Court's November 6, 2020 Order expressly permits Defendants to file a motion to dismiss in response to Plaintiffs' Second Amended Complaint:

> Defendants' pending [Motion to Dismiss the First Amended Complaint] will be denied as moot and *without prejudice to the filing of a renewed motion, if appropriate, in response to Plaintiff's Second Amended Complaint*.

D.E. 43, at 4 (emphasis added). Accordingly, Defendants' Motion to Dismiss the Second Amended Complaint is compliant with the Court's November 6, 2020 Order and cannot be shown to be so completely unrelated to the action or prejudicial as to warrant its striking under Rule 12(f).

For these reasons, Plaintiffs' Motion to Strike Defendants' Motion to Dismiss the Second Amended Complaint should be denied.

## II. **PROCEDURAL HISTORY**

On or about June 2, 2020, Plaintiff Fernandez initiated this action in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. *See* D.E. 1. In the initial Complaint, Mr. Fernandez asserted six causes of action against Defendants for: (1) violations

under the Fair Labor Standards Act ("FLSA"); (2) violations of the Florida Deceptive and Unfair Trade Practices Act; (3) declaratory relief; (4) violations arising under 26 U.S.C. § 7434; (5) breach of oral contract; and (6) unjust enrichment. *Id*. Defendants timely removed the action to this Court on July 2, 2020. *Id*. Defendants then moved to dismiss Mr. Fernandez's Complaint. D.E. 9. On August 28, 2020, the Court entered an order dismissing each count of Mr. Fernandez's Complaint, including dismissing three of the counts with prejudice. D.E. 26.

Mr. Fernandez filed an Amended Complaint on September 11, 2020, in which he asserted two causes of action: (i) FLSA violations; and (ii) breach of oral contract. D.E. 28. On September 25, 2020, Defendants moved to dismiss the Amended Complaint. D.E. 30. Rather than file a response to Defendants' Motion to Dismiss the Amended Complaint, on October 9, 2020, Mr. Fernandez filed a Motion for Extension of Time to File Response [D.E. 37] and later, on October 12, 2020, filed a Motion seeking leave to file a proposed Second Amended Complaint [D.E. 38]. Defendants filed a response in opposition to Mr. Fernandez's Motion for Leave to File. D.E. 41.

On November 6, 2020, the Court granted Mr. Fernandez's Motion for Leave to File and denied as moot, and without prejudice to refiling, Defendants' Motion to Dismiss Plaintiff's Amended Complaint. D.E. 43. Plaintiffs filed their Second Amended Complaint the same day, adding Tech. Concepts as a party plaintiff and including a breach of contract claim on its behalf. D.E. 44. Defendants timely filed their Motion to Dismiss the Second Amended Complaint on November 16, 2020. D.E. 47. Plaintiffs have not yet filed a response to Defendants' Motion to Dismiss the Second Amended Complaint.

### III. ARGUMENT

#### A. Plaintiffs' Motion to Strike Defendants' Motion to Dismiss the Second Amended Complaint Should Be Denied as Improper.

Plaintiffs' Motion to Strike Defendants' Motion to Dismiss the Second Amended Complaint is procedurally improper under the Federal Rules and should be denied.

Plaintiffs have based their Motion to Strike on Rule 12(f) of the Federal Rules of Civil Procedure. D.E. 48, at ¶ 4. Rule 12(f) makes clear, however, that motions to strike must be directed to a party's pleadings. *See* Fed. R. Civ. P. 12(f) ("The court may strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.") (emphasis added)*; see also Polite v. Dougherty Cnty. Sch. Sys.*, 314 F. App'x 180, 184 n.7 (11th Cir. 2008) ("[M]otions to strike are only appropriately addressed towards matters contained in the pleadings."). Rule 7 distinguishes between "pleadings," which are listed in Rule 7(a), and "motions and other papers," which are described in Rule 7(b). *See* Fed. R. Civ. P. 7. As enumerated in Rule 7(a), the only "pleadings" allowed by the Federal Rules are: "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." Fed. R. Civ. P. 7(a).  Because Rule 12(f) only authorizes motions to strike "pleadings," a motion to strike cannot be filed with regard to something that is not a "pleading" under Rule 7(a) (for example, a "motion or other paper" governed by Rule 7(b)). *See, e.g., Silva v. Swift*, 333 F.R.D. 245, 248 (N.D. Fla. 2019) ("[C]ourts have held that Rule 12(f) does not authorize courts to strike motions, affidavits, or memoranda in support of motions.").

In requesting the Court strike Defendants' Motion to Dismiss the Second Amended Complaint, Plaintiffs are improperly seeking to strike a dispositive motion, which is **not** a "pleading" within the definition of Rule 7(a). *See* Fed. R. Civ. P. 7(a); *Jallali v. Am. Osteopathic*

4

*Ass'n*, No. 11-60604-CIV, 2011 WL 2039532, at *1 (S.D. Fla. May 25, 2011) ("Dispositive motions are not 'pleadings' within the definition of Rule 7(a)."); *see also Whitney Info. Network, Inc. v. Weiss*, No. 207-cv-112, 2008 WL 11334989, at *1-2 (M.D. Fla. Apr. 14, 2008) (noting that a motion to dismiss does not constitute a pleading and thus "the remedy provided in Rule 12(f) is not available"). Plaintiffs have not – because they cannot – cite any authority to establish that a motion to strike a motion to dismiss is proper under Rule 12(f).[1]

Courts have routinely denied as improper Rule 12(f) motions to strike dispositive motions. *See, e.g., Harrison v. Belk, Inc.*, 748 F. App'x 936, 940 (11th Cir. 2018) ("[A] motion for summary judgment is no 'pleading' and, thus, may not be attacked by a motion to strike under Fed. R. Civ. P. 12(f)."); *Davis v. McKenzie*, No. 16-62499-civ, 2017 WL 8809917, at *1 (S.D. Fla. Nov. 3, 2017) ("Because Rule 12(f) has no application to any matter outside the pleadings – in this instance, to an argument in [a] summary judgment motion – Plaintiff's Motion to Strike is improper."); *Jallali*, 2011 WL 2039532, at *1 (denying motion to strike language from defendant's motion to dismiss the amended complaint because "motions are not pleadings within the definition of Rule 7(a)"); *Inter-Tel, Inc. v. West Coast Aircraft Eng'r, Inc.*, No. 8:04-CV-02224, 2005 WL 2431267, at *2 (M.D. Fla. Oct. 3, 2005) ("This Court has consistently held that Rule 12(f) provides only for the striking of pleadings, not motions."); *Morroni v. Gunderson*, 169 F.R.D. 168, 170 (M.D. Fla. 1996) (denying motion to strike a motion to dismiss the complaint because "[a] motion is not a pleading, and thus a motion to strike a motion is not proper"); *Weiss v. PPG Industries,*

---

[1] Plaintiffs cite only one case to support their Motion to Strike Defendants' Motion to Dismiss the Second Amended Complaint: *Freestream Aircraft USA Ltd. v. Chowdry*, No. 16-CV-81232, 2018 WL 2002419 (S.D. Fla. Apr. 30, 2018). D.E. 48, at ¶ 4. In *Freestream*, the plaintiff filed a Motion to Strike one of the defendants' affirmative defenses ("unclean hands") in his Answer and Affirmative Defenses to the Amended Complaint, which the Court denied. Thus, *Freestream* involved a motion to strike language from a pleading (an answer to a complaint) – not a motion to strike a dispositive motion, as is the case here.

5

*Inc.*, 148 F.R.D. 289, 292 (M.D. Fla. 1993) ("A motion is not a pleading, and thus a motion to strike a *motion* is not proper under 12(f).") (emphasis in original); James Wm. Moore *et. al.*, MOORE'S FEDERAL PRACTICE §12.37(2) (3d ed. 2004) ("Only material included in a 'pleading' may be the subject of a motion to strike, and courts have been unwilling to construe the term broadly. Motions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike.").

Accordingly, the Court should deny the instant Motion to Strike because Defendants' Motion to Dismiss the Second Amended Complaint is not a pleading and, thus, not the proper subject of a Rule 12(f) motion. *See, e.g., Sec. & Exch. Comm'n v. City of Miami, Fla.*, No. 13-22600-CIV, 2016 WL 7188133, at *1 (S.D. Fla. May 20, 2016) ("Because a motion is not a pleading, Plaintiff is not entitled to the relief it seeks, and the Court requires no further briefing.").

### B. Defendants' Motion to Dismiss the Second Amended Complaint is Compliant with the Court's Order Granting Leave.

In their Motion to Strike, Plaintiffs allege that Defendants' Motion to Dismiss the Second Amended Complaint should be stricken as "immaterial or impertinent" because, rather than file "an answer" to the Second Amended Complaint, Defendants "filed another Motion to Dismiss" in violation of the Court's November 6, 2020 Order. D.E. 48, at ¶¶ 2-3, 5. The Court's November 6, 2020 Order, however, expressly permits Defendants to file a motion to dismiss in response to Plaintiffs' Second Amended Complaint:

> Defendants' pending [Motion to Dismiss the First Amended Complaint] will be denied as moot and *without prejudice to the filing of a renewed motion, if appropriate, in response to Plaintiff's Second Amended Complaint*.

D.E. 43, at 4 (emphasis added). Thus, following the filing of Plaintiffs' Second Amended Complaint on November 6, 2020, Defendants timely filed their Motion to Dismiss the Second Amended Complaint on November 16, 2020. D.E. 47.

6

Plaintiffs' Motion to Strike does not address the clear language of the Court's November 6, 2020 Order permitting Defendants to file their most-recent Motion to Dismiss. *See generally* D.E. 48. Nor does Plaintiffs' Motion to Strike attack the content of Defendants' Motion to Dismiss the Second Amended Complaint, *see generally id.*, which directly lays bare the lacking allegations contained in Plaintiffs' Second Amended Complaint and is clearly related to this action. Under Rule 12(f), a motion to strike is regularly **denied** unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties. *Regions Bank v. Commonwealth Land Title Ins. Co.*, No. 11-cv-23257, 2012 WL 5410609, at *4 (S.D. Fla. Nov. 6, 2012).

Instead, Plaintiffs contend that Defendants were required to file "an answer" to the Second Amended Complaint and that Defendants' failure to do so somehow renders their Motion to Dismiss "immaterial or impertinent." D.E. 48, at ¶¶ 2, 5. A showing of immateriality or impertinency is an "exceedingly high standard." *Shows Bus. & Entm't v. Roptus, Inc.*, No. 07-23033-CIV, 2008 WL 11417653, at *1 (S.D. Fla. Feb. 5, 2008) (citing *In re Sunbeam Securities Litigation*, 89 F. Supp. 2d 1326, 1340 (S.D. Fla. 1999)). Filing the Motion to Dismiss the Second Amended Complaint was contemplated in the Court's Order granting leave and is not immaterial or impertinent.

The Court's November 6, 2020 Order set the deadline for Defendants' response to Plaintiffs' Second Amended Complaint. *See* D.E. 43, at 5. Defendants filed their response to Plaintiffs' Second Amended Complaint – the Motion to Dismiss the Second Amended Complaint under Rule 12(b)(6) – prior to the Court's deadline. D.E. 47. The Court specifically stated Defendants could file a renewed motion to dismiss the Second Amended Complaint. D.E. 43, at 4. Defendants' Motion to Dismiss the Second Amended Complaint clearly does not warrant being

stricken; it is neither immaterial nor impertinent. Plaintiffs' Motion to Strike Defendants' Motion to Dismiss the Second Amended Complaint should be denied.

## IV. **CONCLUSION AND RELIEF REQUESTED**

WHEREFORE, Defendants CheckAlt ERAS, Inc. and Shai Stern respectfully request this honorable Court enter an Order denying Plaintiffs' Motion to Strike Defendants' Motion to Dismiss the Second Amended Complaint with prejudice, in addition to any further relief deemed just and proper.

Dated:  December 1, 2020                    Respectfully Submitted,

By: *Laurie A. Perez*
Laurie A. Perez
Florida Bar No. 1009138
lperez@howardandhoward.com
HOWARD & HOWARD ATTORNEYS PLLC
200 S. Michigan Avenue, Suite 1100
Chicago, Illinois 60604
Tel:    (312) 372-4000
Fax:    (312) 939-5617

Stephen P. Dunn (*pro hac vice*)
Michigan Bar No. P68711
spd@h2law.com
HOWARD & HOWARD ATTORNEYS PLLC
450 W. Fourth Street
Royal Oak, MI 48067
Tel:  (248) 723-0424
Fax:  (248) 645-1583

***Attorneys for Defendants***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 1, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the below Service List, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Filing electronically.

By: *Laurie A. Perez*
Laurie A. Perez

**SERVICE LIST**

Scott M. Behren
Florida Bar No. 9877986
scott@behrenlaw.com
Behren Law Firm
1930 N. Commerce Parkway – Suite 4
Weston, FL 33326
Tel:   (954) 636-3802
Fax:   (772) 252-3365

*Attorney for Plaintiff*